## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

*In re: AnnieMac Data Breach Litigation*

Case No. 1:24-cv-10678-RMB-MJS

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS**
**MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**

Motion Day: June 16, 2025

**TABLE OF CONTENTS**

I. ARGUMENT ................................................................................................................. 1

   A. Plaintiffs Lacks Article III Standing to Pursue Damages ..................................... 1

      1. Plaintiffs Sojka and Graves' Alleged Injuries Are Not Traceable to the Data Security Incident ................................................................................................................. 1

      2. Alleged Future Harm Does Not Confer Article III Standing ........................................ 2

      3. Diminution in Value of PII Is Not an Injury-in-Fact ..................................................... 2

   B. Plaintiffs' Causes Of Action Should Be Dismissed .............................................. 3

      1. Plaintiffs Have Failed to Plead Actual Damages in Support of their Negligence and Negligence *Per Se* Claims ............................................................................................ 3

      2. Plaintiffs Fail to State a Claim for Breach of Implied Contract ................................... 4

      3. Plaintiffs Fail to State a Claim for Unjust Enrichment .................................................. 5

      4. Plaintiffs Fail to State a Claim for Invasion of Privacy ................................................. 6

      5. Plaintiffs Fail to State a Claim for Breach of Fiduciary Duty ...................................... 7

      6. Plaintiffs Fail to State a Claim for Violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq. ............................................................................................... 7

II. CONCLUSION ............................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Clemens v. ExecuPharm Inc.*,
  48 F.4th 146 (3d Cir. 2022) ................................................................................................. 2

*Fabricant v. Intamin Amusement Rides Int. Corp. Est.*,
  2020 WL 373348 (D.N.J. Jan. 23, 2020) .............................................................................. 6

*Greenstein v. Noblr Reciprocal Exch.*,
  585 F. Supp. 3d 1220 (N.D. Cal. 2022) ................................................................................ 3

*Grunwald v. Bronkesh*,
  131 N.J. 483 (1993) .............................................................................................................. 3

*Holmes v. Elephant Ins. Co.*,
  2023 WL 4183380 (E.D. Va. June 26, 2023) ....................................................................... 1

*In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.,* No. CV,
  19-MD-2904, 2021 WL 5937742 (D.N.J. Dec. 16, 2021) ............................................ 2, 4, 5

*In re Samsung Data Breach Litig.*,
  761 F. Supp. 3d 781 (D.N.J. 2025) ....................................................................................... 1

*Rapoport v. Caliber Home Loans, Inc.*,
  617 F. Supp. 3d 241 (D.N.J. 2022) ....................................................................................... 7

*Stamat v. Grandizio Wilkins Little & Matthews, LLP*,
  2022 WL 3919685 (D. Md. Aug. 31, 2022) ......................................................................... 3

*Thiedmann v. Mercedes-Benz USA, LLC*,
  183 N.J. 234 (2005) .............................................................................................................. 7

**Statutes**

New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 ................................................................... 7

**Rules**

Federal Rule of Civil Procedure 12(b)(1) .................................................................................... 1

Federal Rule of Civil Procedure 12(b)(6) ................................................................................ 1, 3

Defendant American Neighborhood Mortgage Acceptance Company, LLC d/b/a AnnieMac Home Mortgage ("AnnieMac"), by and through its undersigned counsel, hereby submits this reply brief in further support of its Motion to Dismiss the Consolidated Class Action Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). AnnieMac limits this Reply to issues raised in Plaintiffs' opposition brief and relies on its opening brief on all issues not addressed here.

I.   ARGUMENT

   A.   Plaintiffs Lacks Article III Standing to Pursue Damages

   1.   Plaintiffs Sojka and Graves' Alleged Injuries Are Not Traceable to the Data Security Incident

In arguing that Plaintiffs Sojka and Graves have suffered fraudulent charges that are traceable to the AnnieMac data security incident, Plaintiffs acknowledge that "contact and financial information were not among the compromised data elements." Response at 12. Without this information, however, there is no factual connection between the data breach and the alleged injuries. These alleged injuries cannot confer Article III standing.

Plaintiffs argue that "criminals compile 'fullz' packages using information stolen in a data breach to create detailed dossiers that are sold or used to perpetrate identity theft." Response at 13. That means, "to find a threatened injury, the Court must assume that the thief targeted [AnnieMac] for the PI it contained, then selected [Sojka and Graves'] PI" and almost instantly began "combining the purloined PI with other PI obtained from other sources to create a full profile (or 'fullz')" in order to make fraudulent charges on Sojka's Discover card and Graves' bank account. *Holmes v. Elephant Ins. Co.*, No. 22-487, 2023 WL 4183380, at *4 (E.D. Va. June 26, 2023). This "highly attenuated chain of possibilities" is insufficient to show an injury-in-fact supporting Article III standing. *Id.*; *see also In re Samsung Data Breach Litig.*, 761 F. Supp. 3d 781, 795 (D.N.J.

1

2025) ("Courts have rejected traceability arguments when the information needed to commit the alleged identity theft was not obtained in the data breach").[1] Sojka and Graves' alleged data misuse is not fairly traceable to AnnieMac.

### 2. Alleged Future Harm Does Not Confer Article III Standing

Plaintiffs have also failed to allege Article III standing through the risk of future identity theft. First, the risk of future harm, in the absence of "additional, currently felt concrete harms," does not rise to the level of an Article III injury-in-fact. *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 155 (3d Cir. 2022). Plaintiffs have failed to plead facts showing any additional, currently felt concrete harms. Second, Plaintiffs' argument that "all Plaintiffs have alleged a sufficient risk of future injury given that certain Plaintiffs have already experienced the misuse of their data" is misleading. Response at 15. As noted, the "misuse" alleged by Sojka and Graves is not traceable to the AnnieMac data security incident. Accordingly, Plaintiffs cannot use that alleged misuse to show that the other Plaintiffs, who have not alleged identity theft or fraudulent charges, are at risk of future harm.

### 3. Diminution in Value of PII Is Not an Injury-in-Fact

Plaintiffs' argument that their personal information has suffered from a diminution in value fails because they have not alleged how the value of their information decreased.

Plaintiffs attempt to distinguish their claims from *In re Am. Med. Collection Agency, Inc. Customer Data Security Breach Litigation* and its discussion of data used for "commercial purposes." No. 19-2904, 2021 WL 5937742, at *10 (D.N.J. Dec. 16, 2021). In distinguishing types

---

[1] Plaintiffs also contend that they have suffered an injury-in-fact through increased spam messages. As AnnieMac showed in its opening brief, courts routinely dismiss this argument in data breach cases. Even if increased spam constituted an Article III injury-in-fact, there are no allegations that the impacted information included telephone numbers or email addresses.

2

of information, the *In re AMCA* court explained that "the [*In re Marriott*'s] defendants collected information that was itself monetized and used for commercial purposes." *Id*. Plaintiffs' implication is that AnnieMac has collected and monetized their Social Security numbers for commercial purposes, but there are no facts in the Consolidated Complaint that support that conclusion. To the contrary, AnnieMac customers provide information as part of a loan application process. The cited privacy policy also does not make any mention that AnnieMac collects or monetizes their customers' PII. While Plaintiffs contend that a "market exists" for personal information, "[t]he fact that someone else can profit from having access to [their] information does not necessarily lower the value of that information" to Plaintiffs. *Stamat v. Grandizio Wilkins Little & Matthews, LLP*, No. 22-00747, 2022 WL 3919685, at *7 (D. Md. Aug. 31, 2022) (finding that diminution in value of personal information does not confer standing); *see also Greenstein v. Noblr Reciprocal Exch.,* 585 F. Supp. 3d 1220, 1229 (N.D. Cal. 2022) ("[T]o successfully demonstrate injury in fact by diminution in value of PI, Plaintiffs must establish both the existence of a market for her personal information and an impairment of her ability to participate in that market.") (internal citation and quotation marks omitted). There are no facts in Plaintiffs' Consolidated Complaint showing how they were unable to participate in a market for their information, and they cannot rely on a diminution in value of that information to show Article III standing.

    **B.**    **Plaintiffs' Causes Of Action Should Be Dismissed**

Even if Plaintiffs had established standing to bring their claims, each of Plaintiffs' causes of action are also subject to Rule 12(b)(6) dismissal for failure to state a claim.

        **1.**    **Plaintiffs Have Failed to Plead Actual Damages in Support of their Negligence and Negligence *Per Se* Claims**

To show damages for purposes of a negligence claim, a plaintiff must plead facts showing damages that "are real and substantial as opposed to speculative." *Grunwald v. Bronkesh,* 131 N.J.

3

483, 495 (1993). Plaintiffs' alleged damages are entirely speculative, as they rely on what unknown criminal actors may or may not do with Plaintiffs' information at some future time.

Plaintiffs state that "Plaintiff Graves alleges a $150 unauthorized withdrawal that required him to seek bank reimbursement, a quintessential out-of-pocket loss" Response at 21. Plaintiff Graves did not suffer an out-of-pocket loss because he was reimbursed. The same can be said for Plaintiff Sojka's alleged "fraudulent charges on his Discover credit card required that he take time to secure a refund." Compl. ¶ 70. Plaintiffs have failed to allege any facts showing actual damages, and the boilerplate damages they do assert are entirely speculative. The causes of action for negligence and negligence *per se* should be dismissed.

### 2. Plaintiffs Fail to State a Claim for Breach of Implied Contract

Plaintiffs' reliance on AnnieMac's privacy policy to support their breach of implied contract claim is misplaced. Nowhere in that privacy policy does AnnieMac state that it contracts to protect Plaintiffs' PII "from third-party hackers or provide notice of a data breach beyond its obligations under applicable law." *In re Am. Med. Collection Agency*, 2021 WL 5937742, at *20.

Plaintiffs argue that "Defendant's privacy policy provided an affirmative promise to protect PII by 'restrict[ing] access to nonpublic personal information about you to those employees who need to know that information to provide products or services to you.'" Response at 26. But this case is about a data breach by third-party cybercriminals, not about an alleged failure to restrict access to information only to employees who need to know. Plaintiffs take the interesting position that although AnnieMac's alleged Privacy Policy complies with federal regulations, it "does not state anywhere that the privacy policy or the protection of data are mandated by law." *Id*. Whether the privacy policy is mandated by law is immaterial to whether there was a meeting of the minds on protection of data from a cyberattack.

4

Plaintiffs do not point to any other allegation in the Consolidated Complaint that shows AnnieMac breached an alleged implied contract. Without more, Plaintiffs "do not credibly allege that [AnnieMac] assented to safeguard Plaintiffs' Personal Information to an extent beyond what is already required by federal law." *In re Am. Med. Collection Agency*, 2021 WL 5937742, at *19. Plaintiffs' breach of implied contract claim fails.

### 3. Plaintiffs Fail to State a Claim for Unjust Enrichment

Plaintiffs' unjust enrichment claim fails because there are no alleged facts in the Consolidated Complaint that show AnnieMac benefited from the receipt of Plaintiffs' personal information.

Plaintiffs argue that "Defendant's Privacy Policy enumerates the purposes for which it may use customers' PII." Response at 28. The enumerated purposed therefore "plainly demonstrates that Defendant received a benefit from Plaintiffs' PII." *Id*. Plaintiffs mischaracterize the use of "personally identifiable information" in the alleged Privacy Policy. Plaintiffs contend that courts "have found that when plaintiffs alleged that defendant had a policy that it would use their PII for the marketing of [its] other financial products, this constitutes enrichment specific to the PII and shows that their PII was sufficiently valuable for the defendant to profit from it." *Id*. There is no language in the alleged AnnieMac privacy policy to support that position. Indeed, the paragraph of the Consolidated Complaint that Plaintiffs cite in support of this argument simply states that AnnieMac may use customer information "as required by law and when we believe that disclosure is necessary to protect our rights and/or comply with a judicial proceeding, court order, or legal process served on our Web site." Compl. ¶ 35. Plaintiffs' opposition brief also cites an alleged statement from AnnieMac's privacy policy that AnnieMac may use information "for internal marketing purposes, for trend analysis, for pattern detection, and for site administration." Response

5

at 27. However, that language does not appear in the Consolidated Complaint and should not be taken into consideration at this stage of the litigation. *See Fabricant v. Intamin Amusement Rides Int. Corp. Est.*, No. 19-12900, 2020 WL 373348, at *6 (D.N.J. Jan. 23, 2020) ("Plaintiffs request [in their Response] that the Court consider language on Defendant Intamin Ltd.'s website. However, the Court will not consider this information, which is extraneous to the pleadings, at this stage of the case. For the foregoing reasons, Plaintiffs' [claim] is dismissed."). Even if the Court did consider it, however, Plaintiffs have still failed to show AnnieMac specifically benefitted from the alleged retention of their information.

### 4. Plaintiffs Fail to State a Claim for Invasion of Privacy

For their invasion of privacy claim, Plaintiffs argue "that the Defendant's privacy policy states it will restrict access to those employees who need to know" and that the hacker was not an employee who needed to know. Response at 29. This argument lacks sense. Plaintiffs use that statement from the alleged privacy policy as a basis to argue that AnnieMac, a victim of a cyberattack, intentionally allowed itself to be the victim of a crime. Plaintiffs argue that "AnnieMac knowingly configured its systems in a way that was vulnerable to foreseeable criminal activity." *Id*. at 30. Why would AnnieMac—or any other entity—knowingly configure a computer system in that way? Plaintiffs do not say. Plaintiffs can point to no alleged facts showing that AnnieMac intentionally allowed itself to be the victim of a cyberattack. AnnieMac did not commit an "intentional intrusion" into Plaintiffs' privacy, and the cause of action for invasion of privacy should be dismissed.

### 5. Plaintiffs Fail to State a Claim for Breach of Fiduciary Duty

Plaintiffs do not dispute that a lender-borrower relationship is not fiduciary in nature under New Jersey law. *See* Response at 30. Instead, they argue that a special relationship arose between them and AnnieMac because they supplied their personal information to AnnieMac. *Id*. at 30. Plaintiffs' theory (for which they cite no legal authority) would create a fiduciary duty whenever a person supplies personal information to another person or entity. That is not the law. The cause of action for breach of fiduciary duty should be dismissed.

### 6. Plaintiffs Fail to State a Claim for Violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq.

In an attempt to show that AnnieMac violated the New Jersey Consumer Fraud Act, Plaintiffs declare that "Defendant made promises and representations to Plaintiffs and Class Members that their PII would be kept safe and confidential, and that the privacy of that information would be maintained, including in its Privacy Policy." Response at 33. They still, however, have not pointed to any facts that show AnnieMac engaged in an unlawful practice when it was the victim of a cyberattack by criminal actors.

Additionally, Plaintiffs' reliance on *Rapoport v. Caliber Home Loans, Inc.*, illustrates Plaintiffs' lack of actual damages (or ascertainable losses). *Rapoport* states that "either out-of-pocket loss or a demonstration of loss in value will suffice" for proving ascertainable losses. But there is another side to that analysis, which is "[a]n alleged 'loss in value' can be established through allegations that the plaintiff did not receive the full value of that which he bargained for, so long as the lost 'benefit of the bargain' is 'quantifiable or measurable,' as opposed to 'hypothetical or illusory.'" *Rapoport v. Caliber Home Loans, Inc*., 617 F. Supp. 3d 241, 247 (D.N.J. 2022) (quoting *Thiedmann v. Mercedes-Benz USA, LLC,* 183 N.J. 234, 248 (2005)).

7

Plaintiffs have failed to allege any out-of-pocket damages and have not alleged any facts showing that their diminution-in-value theory of damage is anything but "hypothetical or illusory."

## II. CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in its opening brief, Defendant American Neighborhood Mortgage Acceptance Company, LLC d/b/a AnnieMac Home Mortgage, respectfully requests that the Court dismiss Plaintiffs' Consolidated Class Action Complaint with prejudice.

Dated: June 9, 2025

Respectfully submitted,

MULLEN COUGHLIN LLC

*s/ Richard M. Haggerty*
Richard M. Haggerty
Thomas W. Bibby
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Telephone: 267-9304770
rhaggerty@mullen.law
tbibby@mullen.law

*Attorneys for Defendant*
*American Neighborhood Mortgage Acceptance*
*Company, LLC d/b/a AnnieMac Home Mortgage*