

## CARELLA BYRNE CECCHI BRODY AGNELLO, P.C.

JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

CHARLES C. CARELLA
11/21/33 – 11/4/23

DONALD F. MICELI
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
STEPHEN R. DANEK
MICHAEL A. INNES
MEGAN A. NATALE
KEVIN G. COOPER

OF COUNSEL
PETER G. STEWART
CARL R. WOODWARD, III
FRANCIS C. HAND
JAMES A. O'BRIEN, III
JOHN G. ESMERADO
STEVEN G. TYSON
MATTHEW J. CERES
ZACHARY A. JACOBS***
JASON H. ALPERSTEIN

RAYMOND J. LILLIE
GREGORY G. MAROTTA
MARYSSA P. GEIST
BRITTNEY M. MASTRANGELO
GRANT Y. LEE***
MAYBOL HALL
WILLIAM J. MANORY
NESLIHAN Z. TALU
PATRICK J. DOHERTY

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL
ATTORNEY
***MEMBER IL BAR ONLY
+MEMBER FL BAR ONLY

May 7, 2026

**VIA ECF**

Hon. Matthew J. Skahill
United States Magistrate Judge
Mitchell H. Cohen Building and Courthouse
4th and Cooper Streets, Courtroom 3D
Camden, New Jersey 08101

      Re:    *In re AnnieMac Data Breach Litigation*
             Case No. 1:24-cv-10678-RMB-MJS

Dear Judge Skahill:

We are Lead Counsel for Plaintiffs and write jointly with counsel for Defendant, pursuant to Your Honor's April 1, 2026 Text Order [Dkt. No. 70], to provide the Court with an update on discovery in advance of the May 29, 2026 telephonic status conference at 10:30 a.m.

The Parties are continuing to meet and confer about the ESI collection and search process. The Parties have agreed on an initial set of custodians and an initial draft of search terms to apply to the ESI collected from those custodians, with the intention to further meet and confer to refine the search terms as needed. However, the Parties have reached an impasse with respect to the time period for which ESI will be collected and require the Court's guidance. The Parties' respective positions are below.

**Plaintiffs' Position:**

Plaintiffs have requested that Defendant collect ESI from the agreed upon custodians from August 1, 2019 through February 28, 2025 (with the February 28, 2025 being a compromise position from Plaintiffs' prior request for an ESI collection through the present). Defendant contends that collecting ESI prior to August 1, 2023 would be burdensome when compared with the needs of the case, but has not quantified that burden in terms of time or dollars. Plaintiffs believe that documents from prior to 2023 are relevant to the key issue of whether Defendant's cybersecurity practices were negligent. To answer that question, Plaintiffs need documents regarding Defendant's cybersecurity policies and practices, including how they were actually

May 7, 2026
Page 2

implemented by Defendant and whether there was any discussion of cybersecurity weaknesses or threats in the time prior to the breach. *See, e.g.*, *Smith v. Am. Pain & Wellness, PLLC*, Civil Action No. 4:23-cv-295, 2024 U.S. Dist. LEXIS 190777, at *14 (E.D. Tex. Oct. 21, 2024) (granting motion to compel production of documents from a time period that began years prior to the data breach at issue, noting that "the relevant and proportional time period for Defendant's policies and procedures for protecting its patients' PII/PHI extends beyond just the date of the data breach").

Plaintiffs have informed Defendant that they are willing to limit certain search terms to Defendant's proposed time period rather than going back to 2023, but that Plaintiffs do want the documents back to 2019 collected so they can be searched using a subset of the proposed search terms. Defendant has declined that proposal based on their burden objection (which, again, Plaintiffs believe is unsubstantiated).

**Defendant's Position:**

Defendant has already provided Plaintiffs with relevant material directly responsive to Plaintiffs' Requests for Production from 2019 – 2025, including cybersecurity policies and procedures, maturity assessments, incident response tests, vulnerability scanning results, penetration testing reports, vendor management documentation, firewall reviews, and disaster recovery tests. Defendant offered to provide communications (*e.g.* email and chat data) beginning January 1, 2023 through February 28, 2025, citing relevance, pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, about Defendant's cybersecurity practices at the time of the Incident.

This time period represents almost twenty (20) months prior to the Incident, which occurred on August 23, 2024. Communications about changes in cybersecurity from 2019 to 2020, for example, have no relevance to Defendant's cybersecurity posture leading up to and at the time of the Incident. Defendant has already produced voluminous documents from 2019 – 2025 that clearly outlines the status of Defendant's cybersecurity practices over time.

Plaintiffs have neither discussed nor cited the relevance of communications prior to January 1, 2023, a period of almost twenty (20) months prior to the Incident. Defendant notes that in *Smith v. Am. Pain & Wellness, PLLC*, Civil Action No. 4:23-cv-295, 2024 U.S. Dist. LEXIS 190777, at *14 (E.D. Tex. Oct. 21, 2024), cited by Plaintiffs above, the court limited pre-incident discovery to two (2) years prior to the date of the incident. Defendant has offered Plaintiffs almost twenty (20) months of communication (*e.g.* email and chat) related data and have already provided five (5) years of cybersecurity policies and procedures, maturity assessments, incident response tests, vulnerability scanning results, penetration testing reports, vendor management documentation, firewall reviews, and disaster recovery tests.

May 7, 2026
Page 3


       We look forward to further discussing the above with Your Honor at the upcoming telephonic status conference and thank Your Honor for your continued attention to this matter.


Respectfully submitted,

CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.

/s/ James E. Cecchi
JAMES E. CECCHI


cc: All Counsel (via ECF)