# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

Subject to preliminary and final Court approval, this Settlement Agreement and Release ("Settlement Agreement" or "Agreement")[1] is entered into by and between Plaintiffs William Sojka, David Jacob, Paul ValenCourt, Jaime Keefer, Sherice Dudley, Sean Long, Micah Ellis, Seana Greene, Franklin Montenegro, and Alec Wray ("Plaintiffs" or "Settlement Class Representatives"), individually and on behalf of the Settlement Class Members, and Defendant American Neighborhood Mortgage Acceptance Company, LLC ("AnnieMac" or "Defendant") (together, the "Parties"), in the action titled *In re Annie Mac Data Breach Litig.*, Civil Action No. 1:24-cv-10678-RMB-MJS (D.N.J.) (the "Action"). As provided herein, Defendant and Plaintiffs hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a final order and judgment, all claims of the Settlement Class against Defendant in connection with the Data Incident as alleged in the Litigation, shall be settled and compromised upon the terms and conditions contained herein. The Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Action and the Released Claims, upon and subject to the terms and conditions below.

## I.    FACTUAL BACKGROUND AND RECITALS

1.    This Action arises from a Data Security Incident impacting Defendant in or around August 2024.

2.    In August 2024, Defendant learned that certain personally identifiable information ("PII") was potentially accessed and acquired without authorization by an unknown actor.

3.    Between November 22, 2024, and December 13, 2024, Plaintiffs filed eleven separate lawsuits emanating from the same nucleus of operative facts (the "Related Actions").

4.    The Related Actions were consolidated on January 22, 2025 by the United States District Court for the District of New Jersey. Additionally, on January 22, 2025, the Court appointed James E. Cecchi of Carella, Byrne, Cecchi, Brody & Agnello, P.C.as Interim Lead Class Counsel, and Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Raina Borrelli of Strauss Borelli PLLC; David Almeida of Almeida Law Group; Daniel Srourian of Srourian Law Firm, P.C.; Marc Edelson of Edelson Lechtzin LLP; Danielle L. Perry of Mason LLP; Amber Schubert of Schubert Jonckheer & Kolbe; and Courtney E. Maccarone of Levi & Korsinsky LLP to the Executive Committee.

5.    On February 21, 2025, Plaintiffs filed a Consolidated Class Action Complaint asserting the following claims: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) unjust enrichment; (vi) invasion of privacy; (vii) breach of fiduciary duty; and (viii) violations of the New Jersey Consumer Fraud Act (N.J.S.A. §§ 56:8 *et seq.*).

---

[1] Unless provided elsewhere, all capitalized terms herein shall have the same meanings as those defined in Section II herein.

6.  On April 29, 2025, Defendant moved to dismiss Plaintiffs' Consolidated Class Action Complaint. The Parties fully briefed Defendant's Motion to Dismiss.

7.  Shortly thereafter, and to conserve resources, the Parties requested a stay of this matter and began discussing the possibility of early resolution, holding an in-person mediation before Judge Diane Welsh (ret.) from JAMS.

8.  The mediation was unsuccessful and the parties began the process of engaging in formal discovery, including exchanging written discovery and producing documents.

9.  Throughout the discovery process both Parties remained open to the possibility of resolution of this matter. After numerous rounds of back-and-forth informal negotiations, the Parties eventually reached an agreement in principle on the core terms of the Settlement.

10. On June 4, 2026, the Parties informed the Court that they had reached a Settlement in principle in this matter.

11. The Parties continued to negotiate the finer points of the Settlement, and eventually came to the Agreement described herein.

12. Defendant denies the allegations and causes of action pled in the Action and otherwise denies any liability to Plaintiffs and Settlement Class Members in any way. This Agreement is for settlement purposes only, and nothing in this Agreement shall constitute, be construed as, or be admissible in evidence as any admission of the validity of any claim or fact alleged by Plaintiffs in this Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Released Parties or admission of the validity or lack thereof of any claim, allegation, or defense asserted in this Action or any other action. Neither this Settlement Agreement, nor any negotiation or act performed, or document created in relation to the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability.

13. The Parties have agreed to settle the Action on the terms and conditions set forth herein in recognition that the outcome of the Action is uncertain and that achieving a final result through litigation would require substantial additional risk, uncertainty, discovery, time, and expense for the Parties. Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

14. Therefore, in exchange for the mutual promises and valuable consideration provided for in this Agreement, the Parties agree to a full, complete, and final settlement and resolution of the Action and any and all Released Claims (including Unknown Claims), subject to Court approval, on the following terms and conditions:

## II.    **DEFINITIONS**

In addition to terms defined elsewhere in this Agreement, the following defined terms shall have the meanings set forth below:

15.    "**Action**" means *In re Annie Mac Data Breach Litig.*, Civil Action No. 1:24-cv-10678-RMB-MJS (D.N.J.), including by reference all Related Actions consolidated by the Court.

16.    "**CAFA Notice**" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. Sec. 1711, *et seq.*, to be served upon the appropriate federal official(s).

17.    "**Claim Form**" means the form(s) Settlement Class Members must submit to obtain the benefits provided by the Settlement, which form is attached hereto as **Exhibit D**, or form(s) approved by the Court substantially similar the form attached hereto. Class members shall swear and affirm under the laws of the United States and under penalty of perjury that the information supplied in the claim form and any documents submitted with the claim form are true and correct to the best of his or her knowledge or recollection.

18.    "**Claims Deadline**" means the date by which all Claim Forms must be postmarked (if physically mailed) or submitted (if filed electronically on the Settlement Website) to be considered timely and shall be set as a date sixty (60) days after the Notice Deadline. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

19.    "**Claims Period**" means the period of time during which Settlement Class Members may submit Claim Forms, which will end sixty (60) days after the Notice Deadline.

20.    "**Claims Review Process**" means the process for reviewing and determining Valid Claims as set forth in Section V.

21.    "**Court**" means the United States District Court for the District of New Jersey.

22.    "**Credit Monitoring Services**" means the Kroll  credit monitoring services described in Section IV which includes two (2) years of one-bureau credit monitoring and $1 million in identity theft protection insurance.

23.    "**Data Security Incident**" means the alleged unauthorized third-party cybersecurity incident affecting AnnieMac on or around August 2024, and which is the subject of this Litigation.

24.    "**Defendant's Counsel**" means Richard M. Haggerty and Meghan J. Wood of Mullen Coughlin LLC.

25.    "**Email Notice**" means the email notice of the Settlement, substantially in the form attached as **Exhibit A** hereto, that will be e-mailed to each available Settlement Class Member for whom Defendant has a good email address.

26.    "**Effective Date**" means one day after the date when this Agreement becomes Final, as described herein.

27.    **"Final"** means each and every of the following conditions have occurred: (1) this Settlement Agreement has been fully executed by all Parties and their counsel; (2) Order(s) have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement Agreement, and approving the Notice Program and Claim Form, as provided herein; (3) the Court-approved Notice has been sent and the Settlement Website has been fully created and maintained as ordered by the Court; (4) the Court has entered a Final Approval Order finally approving this Settlement Agreement, as provided herein; and (5) either (i) no appeal has been taken from the judgment as of the date on which all times to appeal or seek permission to appeal themselves have expired, or (ii) if an appeal or other review proceeding of the judgment has been commenced, it has been finally concluded and no longer is subject to further review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has finally been resolved in a manner that affirms the Final Approval Order in all material respects. Notwithstanding the above, any order modifying or reversing any Service Awards or award of attorneys' fees or costs shall not affect whether a judgment in this matter is Final or any other aspect of the judgment.

28.    "**Fee Award and Costs**" means the amount of attorneys' fees and reimbursement of Litigation Costs and Expenses awarded by the Court to Settlement Class Counsel in satisfaction of any request or claim for payment of attorneys' fees, costs, and litigation expenses in connection with this Action, which amounts are to be paid from the Settlement Fund. Plaintiffs will submit their Motion for Attorneys' Fees, Costs and Service Awards no later than fourteen (14) days before the deadline to Opt-Out of or Object to the Settlement.

29.    "**Final Approval**" means the final approval of the Settlement, which will occur when the Court enters the Final Approval Order.

30.    "**Final Approval Hearing**" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement and enter a judgment approving the Settlement Agreement, approving the Fee Award and Costs, and approving Service Awards to the Class Representatives.

31.    "**Final Approval Order and Judgment**" means an order and judgment substantially in the form attached hereto as **Exhibit F** that the Court enters, which finally approves the Settlement Agreement, certifies the Settlement Class, dismisses the Action with prejudice, and otherwise satisfies the settlement-related provisions of the Federal Rules of Civil Procedure and is consistent with all material provisions of this Agreement. The Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees, costs awarded to Class Counsel, and Service Awards to the Class Representatives.

32.    "**Frequently Asked Questions**" or "**FAQs**" are a list of questions and answers to those questions that are frequently posed by Class Members about class action settlements and specifically about this Settlement, to be negotiated and agreed upon by the Parties' counsel.

33.    "**Litigation Costs and Expenses**" means costs and expenses incurred by Settlement Class Counsel and their law practices in connection with commencing, prosecuting, and settling the Action, which amounts are to be paid from the Settlement Fund.

34.     "**Long Form Notice**" is the content of the notice substantially in the form as **Exhibit B** hereto, which will be posted on the Settlement Website and will include robust details about the Settlement.

35.     "**Net Settlement Fund**" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Settlement Notice and Administrative Expenses; (ii) Attorneys' Fees and Expenses; (iii) Service Awards; and (4) Taxes and Tax-Related Expenses.

36.     "**Notice**" or "**Notice Program**" means all notice of the proposed class action Settlement to be provided to Settlement Class Members, that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement, and which is to be provided substantially in the forms attached hereto the "Short Form Notice" (**Exhibit A**) and the "Long Form Notice" (**Exhibit B**). The Short Form Notice shall include a QR code linking to the online Claim Form.

37.     "**Notice Deadline**" means the last day by which Notice must be issued to the Settlement Class Members and will occur no later than thirty (30) days after entry of the Preliminary Approval Order, or other such date as ordered by the Court.

38.     "**Notice and Administrative Expenses**" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class, locating Settlement Class Members, performing National Change of Address search(es) and/or skip tracing for undeliverable notices, processing claims, determining the eligibility of a person to be a Settlement Class Member, and administering, calculating and distributing payments to Settlement Class Members who submit valid Claim Forms. Notice and Administrative Expenses also include all reasonable fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

39.     "**Objection Deadline**" is the last day on which a Settlement Class Member may file a written objection to the Settlement or the application for a Fee Award and Costs, which will be sixty (60) days after the Notice Deadline, or other such date as ordered by the Court.

40.     "**Objection Procedure**" means the procedure that Settlement Class Members must follow to object to the Settlement as set forth in Section VII.

41.     "**Opt-Out**" means a Settlement Class Member: (i) who timely submits a properly completed and executed Request for Exclusion; (ii) who does not rescind that Request for Exclusion prior to the Opt-Out Deadline; and (iii) as to whom there is not a successful challenge to the Request for Exclusion.

42.     "**Opt-Out Deadline**" is the last day on which a Settlement Class Member may postmark a Request for Exclusion, which will be sixty (60) days after the Notice Deadline, or other such date as ordered by the Court.

43.    "**Opt-Out Procedure**" means the procedure that Settlement Class Members must follow to opt-out of the Settlement as set forth in Section VII.

44.    "**Participating Settlement Class Member**" means a Settlement Class Member who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

45.    "**Parties**" shall mean the named Plaintiffs and the Defendant in the Actions, collectively.

46.    "**Plaintiffs**" or "**Settlement Class Representatives**" shall mean the named Plaintiffs in the Action referenced herein: William Sojka, David Jacob, Paul ValenCourt, Jaime Keefer, Sherice Dudley, Sean Long, Micah Ellis, Seana Greene, Franklin Montenegro, and Alec Wray.

47.    "**Personal Information**" includes, but is not limited to, name, Social Security number, date of birth, official State or government issued driver's license or identification number. This list is not meant to be exclusive. The term "Personal Information" is not intended here, nor should it be viewed as, referring to this term or similar term in any statute or source of law beyond this Agreement.

48.    "**Preliminary Approval Order**" means an order directing issuance of Notice to Settlement Class Members, determining that the Court will likely be able to approve the Settlement under the Federal Rules of Civil Procedure, and determining that the Court will likely be able to certify the Settlement Class for purposes of resolving this Action. Such order will include the forms and procedure for providing notice to the Settlement Class, including notice of the procedure for Settlement Class Members to object to or opt-out of the Settlement, and set a date for the Final Approval Hearing, substantially in the form annexed hereto as **Exhibit E**.

49.    "*Pro Rata* **Cash Payment**" means a *pro rata* cash payment from the Net Settlement Fund to be paid to Participating Settlement Class Members who have submitted a Claim after payment of valid claims for Unreimbursed Losses, as set forth in Section III.

50.    "**Releases**" means the releases and waiver set forth in Section XI of this Agreement.

51.    "**Released Claims**" means any and all past, present, and future claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, penalties, remedies, matters, and issues of any kind or nature, whether known or unknown, contingent or absolute, existing or potential, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, liquidated or unliquidated, legal, statutory, or equitable, in the Action or Related Actions, or in any court, tribunal, or proceeding by or on behalf of the Plaintiffs or any members of the Settlement Class, arising out of, or relating to the Data Incident, and which have been asserted or could have been asserted based on the facts alleged in this Action or the Related Actions against any of the Released Parties whether based on federal, state, local, statutory, common law, or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against any or all of the Released Parties, which the Plaintiffs or any member of the Settlement Class ever had, now has, or hereinafter may have, prior to entry of the final order and

judgment in this Action or the Related Actions. Released Claims include all Unknown Claims, as defined below. Released Claims shall not include the right of Plaintiffs, Settlement Class Members, or any Released Person to enforce the terms of the Settlement Agreement and claims not arising from the facts alleged in the Action or Related Actions.

52.    "**Released Parties**" means Defendant and each entity which is controlled by, controlling or under common control with Defendant and all of their present, future, or past direct or indirect heirs, executors, estates, affiliates, divisions, predecessors, successors, assigns, parents, or subsidiaries ("**Released Entities**"), and the owners, associates, employers, employees, agents, consultants, contractors, independent contractors, vendors, insurers, reinsurers, directors, managers, managing directors, officers, partners, principals, members, attorneys, accountants, administrators, bankruptcy trustee(s), financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, sellers, distributors, legal representatives, successors in interest, assigns and persons, firms, trustees, trusts, corporations, officers, directors, and general or limited partners of the Released Entities.

53.    "**Releasing Parties**" and a "**Releasing Party**" shall refer, jointly and severally, and individually and collectively, to the Settlement Class Representatives and Settlement Class Members, any person claiming or receiving a benefit under this Settlement, and each of their respective past, present and future heirs, beneficiaries, executors, estates, administrators, representatives, agents, partners, predecessors, successors, attorneys, accountants, financial and other advisors, assigns, and any other person purporting to assert a claim on their behalf.

54.    "**Reminder Notice**" means the notice that will be sent thirty (30) days before the Claim Deadline if the claim rate is under 2% as of forty-five (45) days before the Claim Deadline.

55.    "**Request for Exclusion**" means a writing by or on behalf of a Settlement Class Member in which the individual requests to be excluded from the Settlement Class in the form and manner provided for in the Notice and as described below in Section VII.

56.    "**Residual Funds**" means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund authorized by this Settlement Agreement have been paid, Approved Claims to Settlement Class Members have been made, and after a second round of *pro rata* distributions to Settlement Class Members who submitted Approved Claims has been made, if feasible. The funds remaining in the Settlement Fund after completion of these disbursements and after the time for cashing and/or depositing checks has expired will be Residual Funds. The Residual Funds will be sent to TechImpact as a *cy pres* distribution, subject to Court approval.

57.    "**Service Awards**" means compensation awarded by the Court and paid to the Settlement Class Representatives in recognition of their role in this Action as set forth in Section XII, and is to be paid from the Settlement Fund.

58.    "**Settlement Agreement**" or "**Agreement**" means this Settlement Agreement and Releases, including its attached Exhibits (which are an integral part of this Settlement Agreement and Releases and are incorporated in their entirety herein by reference).

59.    "**Settlement Administrator**" means Kroll Settlement Administration, LLC, subject to Court approval, an entity selected to administer the settlement.

60.    "**Settlement Class**" is defined as "All individuals residing in the United States whose Personal Information was compromised in the Data Security Incident affecting AnnieMac on or around August 2024, including all those who received notice of the Data Security Incident." Excluded from the Settlement Class are (i) Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Defendant has a controlling interest, any Defendant officer or director, and any successor or assign; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and immediate family; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge. In total, there are approximately 171,074 individuals in the Settlement Class. The Class Representatives will move for certification of the Class for Settlement purposes contemporaneously with the Motion for Preliminary Approval of the Settlement. For purposes of this Settlement only, Defendant agrees not to contest certification of the Class. Should the Settlement not be approved, Defendant reserves all rights and defenses on the merits and as to class certification.

61.    "**Settlement Class Counsel**" means appointed James E. Cecchi of Carella, Byrne, Cecchi, Brody & Agnello, P.C..

62.    "**Settlement Class List**" means the list of the names and current or last known email and/or mailing address information for Settlement Class Members that Defendant used to mail notice of the Data Security Incident to individuals, to the extent reasonably available, which Defendant shall provide to the Settlement Administrator within ten (10) days of entry of the Preliminary Approval Order.

63.    "**Settlement Class Member**" means an individual who falls within the definition of the Settlement Class.

64.    "**Settlement Fund**" means the non-reversionary common fund amount of Two Million Dollars and Zero Cents ($2,000,000.00) to be paid by, or on behalf of, Defendant, including any interest accrued thereon after payment. This payment is the limit and extent of the monetary obligations of Defendant, and Released Parties, with respect to this Agreement and the settlement of this matter. As such, the Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contribution to the Settlement Fund shall be fixed and shall be final. Defendant shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund. For the purposes of this Agreement, the Settlement Fund shall not be established until the Court has granted Final Approval and the Settlement is Final.

65.    "**Settlement Payment**" or "**Settlement Check**" mean the payment to be made via mailed check or via electronic means (agreed to by the Parties) to a Settlement Class Member pursuant to the claims process set forth in Section V.

66.     "**Settlement Website**" means a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies of the Long Form Notice and Claim Form substantially in the forms of **Exhibits B and D** hereto (or any such forms that are approved by the Court), this Settlement Agreement, and Court documents related to the Settlement. The Settlement Website will be publicly viewable and contain broad information about the Settlement, including but not limited to, copies of the Complaint filed in this matter, a copy of the Long Form Notice, FAQs, Claim Form that may be submitted online through the Settlement Website or mailed to the Settlement Administrator, the deadlines for filing a claim, objection, or exclusion requests, and the date of the Fairness Hearing. The Settlement Website is viewed as an important piece of the notice plan to Class Members. The Settlement Website will remain active until at least ninety (90) days after the Effective Date.

67.     "**Short Form Notice**" means the postcard notice of the Settlement, substantially in the form attached as **Exhibit C** hereto**,** that will be mailed to each available Settlement Class Member

68.     "**Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendant with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

69.     "**Unreimbursed Economic Losses**" means out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are supported by reasonable third-party documentation, which amounts are to be paid from the Settlement Fund. "Unreimbursed Economic Losses" include things such as, for example, losses related to fraud and identity theft, the purchase of identity protection services, credit monitoring services, or ID theft insurance. Such costs and expenses must be fairly traceable to the Data Incident and not already reimbursed by a third party.

70.     "**United States**" as used in this Settlement Agreement includes all States comprising the United States, the District of Columbia and all U.S. territories.

71.     "**Valid Claim**" means a Claim Form submitted by a Participating Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by electronic signature by a Participating Settlement Class Member personally (or on behalf of a Participating Settlement Class Member duly authorized legal representative), subject to the penalty of perjury; (d) submitted via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern Standard Time on the Claim Form Deadline date; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or electronic signature. Failure to respond to a Notice of Deficiency from the Settlement Administrator may result in a determination that the Claim is not a Valid Claim and denial of that Claim.

## III.    SETTLEMENT FUND

72.    **Establishment of Settlement Fund**. Defendant will make a payment, and deposit that payment into, the Settlement Fund as follows: (i) Within thirty (30) days of the Court granting preliminary approval of this Settlement, Defendant shall pay, from the total settlement amount, to the Settlement Administrator an amount estimated by the Settlement Administrator (said amount being part of and not in addition to the Settlement Fund) to defray the actual expenses of notice to Settlement Class Members; (ii) not more than thirty (30) days after the Effective Date, Defendant shall pay into a Qualified Settlement Fund to be established and maintained by the Settlement Administrator the remaining portion of the Settlement Fund. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's liability shall not exceed Two Million Dollars and Zero Cents ($2,000,000.00). To the extent this Settlement is not finally approved, Defendant will be entitled to the return of any amounts not already incurred by the Settlement Administrator in connection with administration of the Settlement. The Settlement Administrator shall provide an invoice for the initial amount as well as wiring instructions and a properly completed and duly executed IRS Form W-9 to Defendant within five (5) days of the entry of the Preliminary Approval Order. Following payment of all Settlement Fund monies as described in this Paragraph after Final Approval, Defendant shall have no responsibility, financial obligation, or liability whatsoever with respect to the selection of the Settlement Fund account, investment of Settlement Fund account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes or Tax-Related Expenses imposed on the Settlement Fund account or its distributions, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund.

73.    **Payment of Notice and Administration Expenses**: Any Notice and Administrative Expenses that are required to be paid prior to the Effective Date will be paid for or caused to be paid directly by Defendant. The total amount of Notice and Administrative Expenses paid prior to the Effective Date shall be treated as if paid from the Settlement Fund and shall reduce the amount that Defendant will be required to pay or cause to be paid into the Settlement Fund after the Effective Date. Any Notice and Administrative Expenses that are owed after the funding of the Settlement Fund shall be paid directly from the Settlement Fund. All Notice and Administrative Expenses are to be disclosed and approved by Class Counsel and Defendant prior to expenditure.

74.    **Non-Reversionary**. The Settlement Fund is non-reversionary. As of the Effective Date, all rights of Defendant in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is terminated, as described in Section X.

75.    **Escrow Account**. The Settlement Payment is to be deposited in an interest-bearing bank escrow account established at a commercial financial institution to be designated by Class Counsel (the "Escrow Agent") and administered by the Settlement Administrator (the "Escrow Account"). The Escrow Account shall be held in a Qualified Settlement Fund (defined below) in interest-bearing bank account deposits with commercial banks with excess capital exceeding $1,000,000,000.00, with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC. The Settlement Fund will be used to pay Approved

Claims, Notice and Administrative Expenses (to be agreed upon by both parties), the Fee Award and Expenses, and Service Awards.

76.     **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

77.     **Interest**. All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Settlement Administrator is responsible for the payment of all Taxes.

78.     **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement and the Court's Final Approval Order is rendered "Final" as defined herein, or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Section X.

79.     **Use of the Settlement Fund**. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay: (i) all costs of Settlement Administration including Taxes and Tax-Related Expenses; (ii) approved Unreimbursed Economic Losses Claims; (iii) approved *Pro Rata* Cash Payments; (iv) Approved Claims for Credit Monitoring Services; (v) Service Awards; and (vi) approved attorneys' fees and costs. Subject to court approval, any Residual Funds shall be paid to the *cy pres* beneficiary designated herein. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement or approved by the Court. Responsibility for effectuating payments described in this Paragraph shall rest solely with the Settlement Administrator and neither Defendant nor Defendant's agents shall have any responsibility whatsoever with respect to effectuating any such payments.

80.     **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties, their counsel, and their

insurers and reinsurers for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Settlement Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Settlement Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

## IV.    **SETTLEMENT BENEFITS**

81.    The Settlement Administrator will agree to make the following compensation from the Settlement Fund available to Settlement Class Members who submit valid and timely Claim Forms. Claims will be subject to review for completeness and plausibility by a Settlement Administrator, and Claimants will have the opportunity to seek review by the Parties' Counsel, if they dispute the Settlement Administrator's initial determination.

82.    **Credit Monitoring Services.** All Settlement Class Members shall be offered an opportunity to enroll in Credit Monitoring Services, which will include two (2) years of single-bureau credit monitoring through a reputable third-party vendor to be agreed upon by the Parties, upon submission of a valid Claim Form, which will include $1 million in identity theft protection insurance. To claim these Credit Monitoring Services, Class Members must provide a valid email address where the Class Member can receive the enrollment code. The Settlement Administrator shall send an activation code via email to each valid Credit Monitoring Services claimant within thirty (30) days of the Effective Date that can be used to activate the Credit Monitoring Services. Codes will be active for one hundred and eighty (180) days after the date of emailing and may be used to activate the full term if used at any time during that one hundred and eighty (180) day period. The provider shall provide the Credit Monitoring Services to all valid claimants who timely activate those services for a period of three (3) years from the date of activation. Credit Monitoring Expenses, the administration of which will be overseen by the Settlement Administrator and Class Counsel, will be paid for from the Settlement Fund

83.    **Monetary Benefits**. The Settlement Fund shall pay for the following monetary benefits.

    a.    **Compensation for Unreimbursed Economic Losses**. All Settlement Class Members may submit a claim for up to Five Thousand Dollars and Zero Cents ($5,000.00) per person for out-of-pocket losses, upon submission of a claim and supporting documentation, for unreimbursed economic losses incurred as a result of or fairly traceable to the Data Incident.

        i.    To be valid, Settlement Class Members must provide third-party documentation that supports the losses. Valid third-party documentation includes, without limitation, receipts, bank statements, or other official documentation that was not "self-prepared" by the Settlement Class Member.

    ii.       Settlement Class Members may submit "self-prepared" documents (e.g., handwritten receipts or notes) to provide clarity, but such documents are insufficient by themselves to qualify for compensation.

    iii.     Examples of eligible **Unreimbursed Economic Losses** include, without limitation and by way of example, the following: unreimbursed losses associated with fraud or identity theft, professional fees including attorneys' fees, accountant fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after mailing of the notice of Data Security Incident, through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

    iv.     If a Settlement Class Member submits a claim for Unreimbursed Economic Losses but fails to provide sufficient third-party documentation and then fails to cure the deficiencies, that Settlement Class Member will automatically receive the *Pro Rata* Cash Payment.

    b.     *Pro Rata* **Cash Payment**. Additionally, participating Settlement Class Members may submit a claim for a *pro rata* share of the Net Settlement Fund, less all valid claims for Unreimbursed Economic Losses, which is estimated to be Seventy Five Dollars and Zero Cents ($75.00) per valid claimant, although the final amount paid will depend on the factors listed below and is not guaranteed. The value of the cash payment depends on number of timely and Valid Claims. After accounting for valid and timely claims for Unreimbursed Economic Losses, the value of the cash payment shall be increased or decreased *pro rata* to exhaust the Net Settlement Fund. To receive this benefit, Settlement Class Members must submit a valid claim form, but no documentation is required to make a claim.

84.     **Business Practice Commitments.** Defendant will provide a confidential declaration to Settlement Class Counsel describing its information security enhancements since the Data Security Incident and estimating, to the extent reasonably calculable, the annual cost of those enhancements. The cost of such enhancements will be paid by Defendant separate and apart from all other settlement benefits. To the extent the Court requires this declaration be filed, it shall be filed under seal.

## V.    CLAIMS PROCESS AND PAYMENTS

85.     **Submission of Electronic and Hard Copy Claims**. Settlement Class Members may submit Claim Forms to the Settlement Administrator electronically via the Settlement Website or physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked on or before the Claims Deadline. The Settlement Administrator will

maintain records of all Claim Forms submitted until the later of (i) one hundred eighty (180) days after the Effective Date; or (ii) the date all Claim Forms have been fully processed in accordance with the terms of this Agreement. Information submitted by Settlement Class Members in connection with Claim Forms shall be deemed confidential and protected as such by the Settlement Administrator, Settlement Class Counsel, and Defendant's Counsel.

86.    **Order of Distribution of Funds**. The Settlement Administrator must use the funds available in the Settlement Fund to make payments in the following order: (i) notice expenses, settlement administration expenses, and Taxes and Tax-Related Expenses; (ii) approved Service Awards and approved attorneys' fees and costs; (iii) Valid Claims for Unreimbursed Economic Losses; (iv) Valid Claims for Credit Monitoring Services; and (v) the *Pro Rata* Cash Payments.

87.    *Pro Rata* **Contingencies**.

c.    If the funds remaining in the Net Settlement Fund are insufficient to pay for all Valid Claims for Unreimbursed Economic Losses, then the value of the payments Valid Claims for Unreimbursed Economic Losses shall be reduced on a *pro rata* basis—such that the aggregate value of all payments for Valid Claims for Unreimbursed Economic Losses does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed for *Pro Rata* Cash Payments.

d.    If the funds remaining in the Net Settlement Fund are insufficient to make payment for those Valid Claims for Credit Monitoring Services, then the duration and/or extent of the Credit Monitoring Services shall be reduced.

e.    In the event that funds remaining in the Net Settlement Fund after the payment for Valid Claims for Unreimbursed Economic Losses and Credit Monitoring Services are not sufficient to make payment for the full amount of the Valid Claims for *Pro Rata* Cash Payments, then the value of the Valid Claims for *Pro Rata* Cash Payments shall be reduced on a *pro rata* basis, such that the aggregate value of all payments for Valid Claims does not exceed the Net Settlement Fund.

f.    The *Pro Rata* Cash Payment amount may also be increased based on the amount of the Net Settlement Fund and the number of Valid Claims. Following the payment of Valid Claims for Unreimbursed Economic Losses and Valid Claims for Credit Monitoring Services, the amount remaining in the Net Settlement Fund shall be divided by the number of Settlement Class Members who submit Valid Claims for *Pro Rata* Cash Payments and allocated on a *pro rata* basis to those Settlement Class Members.

g.    All *pro rata* determinations required by this Paragraph shall be performed by the Settlement Administrator upon notice to Settlement Class Counsel and Defendant's Counsel.

88.    **Claims Review Process.** The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent claims for Unreimbursed Economic Losses, *Pro Rata* Cash Payment, or Credit Monitoring Services are Valid Claims, but may consult with both Class Counsel and Defendant's Counsel in making individual determinations.

h.    The Settlement Administrator will verify that each person who submits a Claim Form is a member of the Settlement Class.

i.    The Settlement Administrator will determine that each Claim Form submitted by a Settlement Class Member was submitted during the Claims Period and is timely.

j.    The Settlement Administrator will verify that the claimant has provided all third-party documentation or information needed to complete the Claim Form, including any documentation required to support claims for compensation as described above.

k.    The Settlement Administrator will determine to what extent documentation for Unreimbursed Economic Losses reflects losses actually and reasonably incurred and that were more likely than not caused by the Data Security Incident.

l.    In determining whether claimed Unreimbursed Economic Losses are more likely than not caused by the Data Security Incident, the Settlement Administrator will consider (i) the timing of the alleged loss and whether it occurred on or after the Data Security Incident; (ii) whether the alleged loss for the specific Settlement Class Member, involved the types of information for that individual that may have been affected in the Data Security Incident; (iii) the explanation of the Settlement Class Member as to why the alleged loss was caused by the Data Security Incident; and (iv) other factors the Settlement Administrator reasonably finds to be relevant.

m.    The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

n.    No decision of the Settlement Administrator shall be deemed to constitute a finding, admission, or waiver by Defendant as to any matter of fact, law, or evidence having any collateral effect on any proceedings in any forum or before any authority.

o.    To the extent the Settlement Administrator determines that a timely claim Unreimbursed Economic Losses, Credit Monitoring Services, or the *Pro Rata* Cash Payment by a Settlement Class Member is deficient in whole or in part, the Settlement Administrator shall notify the Settlement Class

Member of the deficiencies and provide the Settlement Class member twenty-one (21) days to cure the deficiencies. If the Settlement Administrator subsequently determines that the Settlement Class Member has not cured the deficiencies, the Settlement Administrator will notify the Settlement Class Member within ten (10) days of that determination. The Settlement Administrator may consult with the Parties in making these determinations.

p.      If a Settlement Class Member receives notice that the Settlement Administrator has determined that the deficiencies it identified have not been cured, the Settlement Class Member may request an appeal in writing, including any supporting documents. The appeal must be submitted within twenty-one (21) days of the Settlement Administrator sending the notice. In the event of an appeal, the Settlement Administrator shall provide the Parties with all relevant documentation regarding the appeal. The Parties will confer regarding the appeal. If they agree on a disposition of the appeal, that disposition will be final and non-appealable. If they cannot agree on disposition of the appeal, the dispute will be submitted to the Settlement Administrator for final, non-appealable disposition. In reaching disposition, the Settlement Administrator is authorized to communicate with counsel for the Parties separately or collectively.

89.    **Payment**.

q.      After the Effective Date, and after final determinations have been made with respect to all claims submitted during the Claims Period pursuant to the Claims Review Process, the Settlement Administrator shall provide the Parties an accounting of all Valid Claims for Unreimbursed Economic Losses, Credit Monitoring Services, or the *Pro Rata* Cash Payment, and also provide funding instructions to Defendant. Within the later of forty-five (45) days of receiving this accounting or thirty (30) days of the Effective Date, upon approval of Defendant's Counsel, the Settlement Administrator shall transmit the funds needed to pay Valid Claims for Unreimbursed Economic Losses, Credit Monitoring Services, or the *Pro Rata* Cash Payment in accordance with the terms of this Agreement.

r.      Payments issued by the Settlement Administrator for Valid Claims for Unreimbursed Economic Losses or the *Pro Rata* Cash Payment shall be issued in the form of a check, or via electronic means (through means agreed to by the Parties) and sent as soon as practicable after the Settlement Administrator receives the funds described above.

s.      All Settlement Class Members who fail to submit a valid Claim Form for any benefits under this Agreement within the time frames set forth herein, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments or benefits pursuant to the Settlement, but will

in all other respects be subject to and bound by the provisions of this Agreement, including but not limited to the releases contained herein, and the Final Approval Order and Judgment.

90.     **Order of Distribution of Funds**. The Settlement Administrator must use the funds available in the Net Settlement Fund (after payment of Notice and Administrative Expenses, Taxes and Tax-Related Expenses, the Fee Award and Expenses, and Service Awards) to make payments for Approved Claims in this order: Credit Monitoring, Unreimbursed Economic Losses, followed by payments for Valid Claims for *Pro rata* Cash Payments.

91.     **Timing**. Settlement Checks shall bear the legend that they expire if not negotiated within ninety (90) days of their issue date.

92.     **Returned Checks**. For any Settlement Check returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall, within thirty (30) days after the check is returned to the Settlement Administrator as undeliverable, send an e-mail to the Settlement Class Member to obtain updated address information. Any replacement Settlement Checks issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of issuance and thereafter will automatically be canceled and deemed void if not cashed by the Settlement Class Members within that time.

93.     **Uncashed Checks**. To the extent that an electronic payment or settlement check is not cashed, accepted and/or negotiated within ninety (90) days after the date of issue, the Settlement Administrator shall undertake the following actions: (i) attempt to contact the Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued electronic payment or check; (ii) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Settlement Class Member using advanced address searches or other reasonable methods; and (iii) reissuing an electronic payment or check or mailing the Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued electronic payment or check. Any reissued electronic payment(s) or settlement check(s) issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

94.     **Voided Checks**. In the event a Settlement Check becomes void, the Settlement Class Member to whom that Settlement Check was made payable will forfeit the right to payment and will not be entitled to payment under the Settlement, and the Agreement will in all other respects be fully enforceable against the Settlement Class Member.

95.     **Unclaimed Property**. No portion of the Settlement Fund shall revert or be repaid to Defendant after the Effective Date. To the extent any monies remain in the Net Settlement Fund more than one hundred and eighty (180) days after the distribution of Settlement payments to the Participating Settlement Class Members, or thirty (30) days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, subject to the Court's approval, the Residual Funds will be sent to TechImpact as a *cy pres* distribution.

96. **Deceased Settlement Class Members**. If the Settlement Administrator is notified that a Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue the electronic payment(s) or settlement check(s) to the legally recognized estate of the Settlement Class Member upon receiving proof the Settlement Class Member is deceased and after consultation with Settlement Class Counsel and Defendant's Counsel.

97. Provided that Final Approval of the Settlement is granted by the Court without material change, material amendment, or material modification, the Settlement Fund will be used to satisfy Valid Claims for Settlement Class Members in exchange for a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Litigation and all Actions comprising it with prejudice.

98. The Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contribution to the Settlement Fund shall be fixed under this Section and shall be final. Defendant shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond payment of monies into the Settlement Fund in the amount set forth in Section III.

## VI.    NOTICE PROGRAM

99. **Timing of Notice**. Within ten (10) days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Class List to the Settlement Administrator. Within thirty (30) days after the Preliminary Approval Order is entered, the Settlement Administrator shall disseminate the Short Form Notice to Settlement Class Members for whom it has a valid email address or mailing address . The Settlement Administrator shall make the Long Form Notice and Claim Form available to Settlement Class Members on the Settlement Website.

100. **Form of Notice**. Notice shall be disseminated via email or by postcard through First Class U.S. mail to Settlement Class Members on the Settlement Class List. Notice shall also be provided on the Settlement Website. The Notice mailed to Settlement Class Members will consist of either an Email Notice or a Short Form Notice in a form substantially similar to those attached hereto, as **Exhibits A and C**. The Settlement Administrator shall have discretion to format the Email Notice and Short Form Notice in a reasonable manner to minimize mailing and administrative costs. Before Notices are mailed or emailed, Settlement Class Counsel and Defendant's Counsel shall first be provided with a proof copy (reflecting what the items will look like in their final form) and shall have the right to inspect the same for compliance with the Settlement Agreement and any orders of the Court. For Notices sent via postcard that are returned as undeliverable, the Settlement Administrator shall use reasonable efforts (*e.g.*, skip trace) to identify an updated mailing address and resend the postcard notice if an updated mailing address is identified. For notices sent by email that "bounce" and are deemed undeliverable, postcard notices will be sent to those Settlement Class Members at the mailing addresses identified by Defendant. If these subsequent mailed notices to Settlement Class Members whose email notices "bounced" are returned as undeliverable, the Settlement Administrator shall also use reasonable efforts (*e.g.*, skip trace) to identify an updated mailing address and resend the postcard notice if an updated mailing address is identified.

101.    **Reminder Notice**. A reminder notice may be sent thirty (30) days before the Claim Deadline if the claim rate is under 2% as of forty-five (45) days before the Claim Deadline. In addition, the Long Form Notice and Claim Form approved by the Court may be adjusted by the Settlement Administrator in consultation and agreement with the Parties, as may be reasonable and necessary and not inconsistent with such Court approval.

102.    **Settlement Website**. The Settlement Administrator will establish the Settlement Website as soon as practicable following entry of the Preliminary Approval Order, but prior to dissemination of the Notice. The URL of the Settlement Website shall be agreed upon by Settlement Class Counsel and Defendant. The Settlement Website shall contain relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, this Agreement, Plaintiffs' Motion for Preliminary Approval of the Settlement, the Preliminary Approval Order, Plaintiffs' motion for an award of attorneys' fees, costs, and Service Awards, and the operative Consolidated Complaint in the Action. The Settlement Website shall also include a toll-free telephone number, FAQs, e-mail address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. Class Members shall be able to submit claims online via the Settlement Website or mailed to the Settlement Administrator. The Settlement Website shall contain the deadlines for filing a claim, objection, or opt-out requests, and the date of the Final Approval Hearing. The Settlement Website will remain active until at least ninety (90) days after the Effective Date.

103.    **Cost of Notice and Administration**. The Settlement Fund amount provided by Defendant, or on behalf of Defendant, will pay the entirety of the Notice and Administrative Expenses, including the cost of Notice. The Parties have solicited competitive bids for the settlement administration fees and agree to rely upon postcard reminder notice (to the extent that a reminder notice is necessary), and to utilize email notice where practicable in order to minimize the administration costs while still providing effective notice to the Class.

## VII.    OPT-OUTS AND OBJECTIONS

104.    **The Opt-Out Procedure**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The Notice also must state that any Settlement Class Member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

t.    The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement.

u.    No person shall purport to exercise any exclusion rights of any other person, or purport (i) to opt-out Settlement Class Members as a group, in the aggregate, or as a class; or (ii) to opt-out more than one Settlement Class Member on a single Request for Exclusion, or as an agent or representative. Any such purported Request(s) for Exclusion shall be void, and the

Settlement Class Member(s) who is or are the subject of such purported Request(s) for Exclusion shall be treated as a Settlement Class Member and be bound by this Settlement Agreement, including the Release contained herein, and judgment entered thereon, unless he or she submits a valid and timely Request for Exclusion.

v.    Within seven (7) days after the Opt-Out Deadline, the Settlement Administrator shall provide the Parties with a complete and final list of all Opt-Outs.

w.    All persons who Opt-Out shall not receive any benefits or be bound by the terms of this Agreement and shall have no right to object to the Settlement or to participate at the Final Approval Hearing. All Settlement Class Members who do not request to be excluded from the Settlement Class in the manner set forth herein shall be bound by the terms of this Settlement Agreement, including the Release contained herein, and any judgment entered thereon, regardless of whether he or she files a Claim Form or receives any monetary benefits from the Settlement.

105.    **The Objection Procedure**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or request for attorneys' fees and Litigation Costs and Expenses by filing written objections with the Court no later than the Objection Deadline. The written objection must include (i) the name of the Action; (ii) the Settlement Class Member's full name and current mailing address; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection, and whether your objection is to the Settlement in part or in whole, and if in part, which part; (iv) the identity of any attorneys representing the objector, if any; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) information identifying the objector as a Settlement Class Member, including proof that the objector is within the Settlement Class (*e.g.*, copy of the Notice or copy of original notice of the Data Security Incident); and (vii) the signature of the Settlement Class Member or their attorney. The Settlement Class Member shall also send a copy of the written objection to the Settlement Administrator, Settlement Class Counsel, and Defendant's Counsel postmarked no later than the Objection Deadline. Any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement and shall be bound by the terms of the Agreement and by all proceedings, orders, and judgments in the Action, including the Release. The exclusive means for any challenge to the Agreement shall be through the provisions of this Paragraph. Within seven (7) days after the Objection Deadline, the Settlement Administrator shall provide the Parties with all objections submitted.

## VIII.    SETTLEMENT ADMINISTRATOR

106.    **Duties of Settlement Administrator**. The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement as specified in this Agreement, including, but not limited to, the following:

a.     Creating, administering, and overseeing the Settlement Fund;

b.     Obtaining the Settlement Class List for the purpose of disseminating Notice to Settlement Class Members;

c.     Providing CAFA Notice to the appropriate federal official(s) as required by 28 U.S.C. § 1711, *et seq.*;

d.     Causing the Notice Program to be effectuated in accordance with the terms of this Settlement Agreement and orders of the Court;

e.     Performing National Change of Address searches on the Settlement Class List and/or skip tracing on undeliverable notices;

f.     Providing Notice to Settlement Class Members via U.S. mail and/or e-mail;

g.     Providing Publication Notice as set forth herein;

h.     Establishing and maintaining the Settlement Website;

i.     Establishing and maintaining a toll-free telephone line with interactive voice response for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries in a timely fashion;

j.     Responding to any mailed or emailed Settlement Class Member inquiries in a timely fashion;

k.     Reviewing, determining the validity of, and processing all claims submitted consistent with the terms of this Agreement;

l.     Receiving and reviewing Requests for Exclusion and objections from Settlement Class Members. If the Settlement Administrator receives any Requests for Exclusion, objections, or other requests from Settlement Class Members after the deadlines set forth herein, the Settlement Administrator shall promptly provide copies thereof to Settlement Class Counsel and Defendant's Counsel;

m.     Working with the provider of Credit Monitoring Services to receive and send activation codes after the Effective Date to Settlement Class Members who submitted valid claims for Credit Monitoring Services;

n.     After the Effective Date, processing and transmitting Settlement Payments to Settlement Class Members;

o.  Providing weekly or other periodic reports to Settlement Class Counsel and Defendant's Counsel that include information regarding claims, objections, Opt-Outs, the amounts remaining in the Net Settlement Fund, and other data agreed to between Settlement Class Counsel, Defendant's Counsel and the Settlement Administrator;

p.  Preparing a declaration for submission with the motion for Final Approval that (i) attests to implementation of the Notice Program in accordance with the Preliminary Approval Order; and (ii) provides data on Opt-Outs, Objections, and Claims;

q.  Performing any function related to settlement administration as provided for in this Agreement or agreed-upon among Settlement Class Counsel, Defendant's Counsel, the Court, or the Settlement Administrator, including, but not limited to, verifying that Settlement Payments have been distributed.

107.  **Limitation of Liability**. The Parties, Settlement Class Counsel, Defendant's Counsel, and Defendant's insurers, reinsurers, agents and/or third-party administrators, shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

108.  **Indemnification**. The Settlement Administrator shall indemnify and hold harmless the Parties, Settlement Class Counsel, Defendant's Counsel, and Defendant's insurers, reinsurers, agents and/or third-party administrators for: (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## IX.  PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

109.  **Certification of the Settlement Class**. For purposes of this Settlement only, and in the context of this Agreement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (i) the Settlement not receive final approval from the Court; (ii) the Effective Date not occur; or (iii) the Agreement is otherwise terminated, the certification of the Settlement Class shall be void, and neither the Agreement nor any order or other action relating to the Agreement shall be offered by any person as evidence or cited in support of a motion to certify a class for any purpose other than this Settlement. Defendant

reserves the right to contest class certification for all other purposes. The Parties further stipulate to designate the Settlement Class Representatives as the representative for the Settlement Class.

110. **Preliminary Approval**. Following execution of this Agreement, Settlement Class Counsel shall file a motion for preliminary approval of this Settlement with the Court. Settlement Class Counsel shall provide Defendant's Counsel with a draft of the motion for preliminary approval within a reasonable time frame prior to filing same to ensure that any requested revisions from Defendant are addressed. The proposed Preliminary Approval Order shall be in the form attached hereto.

111. **Final Approval**. Settlement Class Counsel shall file their Motion for Final Approval of the Settlement, no later than fourteen (14) days before the initial date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs, and Service Awards. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objector(s) submitted timely objections that meet all the requirements listed in the Agreement. Counsel for the Parties shall request that the Court set a date for the Final Approval Hearing no earlier than one-hundred twenty (120) days after entry of the Preliminary Approval Order. Settlement Class Counsel shall provide Defendant's Counsel with a draft of the motion for final approval within a reasonable time frame prior to filing same to ensure that any requested revisions from Defendant are addressed.

112. **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute between the Parties arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator consents to the jurisdiction of the Court for this purpose and any dispute between or among the Settlement Administrator, Plaintiffs, and/or Defendant.

## X.    MODIFICATION AND TERMINATION

113. **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members or Defendant under this Agreement.

114.    **Termination**. Settlement Class Counsel (on behalf of the Settlement Class Members) and Defendant shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice"): within thirty (30) days of: (i) the Court's refusal to grant Preliminary Approval of the Settlement in any material respect; (ii) the Court's refusal to enter the Final Approval Order and Judgment in any material respect, or (iii) the date the Final Approval Order and Judgment is modified or reversed in any material respect by any appellate or other court.

115.    **Effect of Termination**. In the event of a termination as provided in this Section, this Agreement shall be considered null and void, all of the Parties' obligations under the Agreement shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, the certification of the Settlement Class shall be void. Defendant reserves the right to contest class certification for all purposes other than this Settlement. All of the Parties' respective pre-Settlement claims and defenses will be preserved. Any Court orders preliminarily or finally approving certification of the Settlement Class and any other orders entered pursuant to the Agreement shall be deemed null and void and vacated and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion. In addition, the fact that Defendant did not oppose certification of a class under the Settlement shall not be used or cited thereafter by any person or entity, including in a contested proceeding relating to class certification.

116.    **Settlement Not Approved**. If: (i) the Court does not issue the Preliminary Approval Order or Final Approval Order; (ii) the Effective Date does not occur; or (iii) the Final Approval Order is modified or reversed in any material respect by any appellate or other court, the Parties shall have sixty (60) days from the date of such occurrence or non-occurrence during which the Parties shall work together in good faith in considering, drafting, and submitting reasonable modifications to this Agreement to address any issues identified by the Court or that otherwise caused the Preliminary Approval Order or Final Approval Order not to issue or the Effective Date not to occur. If such efforts are unsuccessful, either Party may at their sole discretion terminate this Agreement on seven (7) days written notice to the other Party. For avoidance of any doubt, neither Party may terminate the Agreement while an appeal from an order granting approval of the Settlement is pending.

## XI.    <u>RELEASES</u>

117.    **The Release**. Upon Final Approval of this Settlement Agreement, Releasors release, acquit, and forever discharge Defendant and their related entities, and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, Board of Trustees, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, entities managed by Defendant, retailers, and the predecessors, successors, and assigns of each of them as well as covered entities associated with the Data Incident ("Released Parties") from any and all past, present, and future liabilities, rights, claims, counterclaims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from,

arise out of, are based upon, or relate to the Data Incident, including, but not limited to, failure to provide adequate notice pursuant to any breach notification statute, regulation, or common law duty, and all relevant statutes in effect in any states in the United States as defined herein, and conduct that was alleged or could have been alleged in the Litigation, including, without limitation, any claims of injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs and expenses, set-offs, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, actions, causes of action, demands, damages, penalties, losses, remedies, and any other form of relief that either has been asserted, or could have been asserted, relating to, based upon, resulting from, or arising out of the Data Incident, including conduct that was alleged or could have been alleged in the Litigation, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the disclosure of Private Information, which the Class Representatives or any member of the Settlement Class ever had, now has, or hereinafter may have, prior to entry of the final order and judgment in this Action. Released Claims shall not include the right of Class Representatives, Settlement Class Members, or any Released Person to enforce the terms of the Settlement Agreement and claims not arising from the facts alleged in the Action (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Incident.

118.    **Unknown Claims**. The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and claims Releasing Parties do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights conferred by any law of any state or territory of the United States, the District of Columbia, by federal law, or principle of common law or the law of any other jurisdiction, or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims or relation of the Released Parties thereto, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph. The Parties acknowledge, and the Releasing Parties

shall be deemed by operation of the Agreement to have acknowledged, that the foregoing waiver is a material term of the Agreement.

119. Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement.

120. **Bar to Future Suits**. Upon entry of the Final Approval Order and Judgment, the Settlement Class Representatives and other Settlement Class Members, and all Releasing Parties, shall be enjoined from initiating, asserting, or prosecuting any and all Released Claims, including Unknown Claims, in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order and Judgment. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this Section. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this Section.

121. **No Effect on Agreement**. The finality or effectiveness of the Settlement, including the Final Approval Order and Judgement, shall not depend on the amount or timing of service awards approved and awarded by the Court or any appeal thereof. The amount and timing of service awards is intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

122. **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or that could have been made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

123. **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs or any Settlement Class Member, including any Settlement Class Member who opts out of the Settlement; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by the Released Parties in the Action, or any Settlement Class Member who opts out of the Settlement, or in any proceeding in any court, administrative agency or other tribunal.

## XII.   SERVICE AWARDS AND ATTORNEYS' FEES

124. **Service Awards**. At least fourteen (14) days before the deadline to Opt-Out of or Object to the Settlement, Settlement Class Counsel will file a motion seeking Service Awards for the Settlement Class Representatives in recognition of their contributions to this Action not to exceed Five Thousand Dollars and Zero Cents ($5,000.00). Following Court approval of the Service Awards, and prior to the disbursement or payment of the Service Awards, the Settlement

Class Representatives shall provide a properly completed and duly executed IRS Form W-9. Settlement Class Counsel will ensure payment instructions are provided through secure processes. Settlement Administrator will pay the Service Awards from the Settlement Fund and in accordance with the terms of the Final Approval Order and Judgment. Defendant's obligations with respect to the Court-approved Service Awards shall be fully satisfied upon transmission of the Settlement Fund. Defendant shall have no responsibility for, interest in, or liability whatsoever with respect to any distribution or allocation of Service Awards. Nor shall Defendant be responsible for any tax obligations or payments associated with the amount paid into the account established by Settlement Class Counsel. To the extent the Effective Date does not occur, Defendant shall have no obligation to pay any Service Awards. This amount was negotiated after the primary terms of the settlement were negotiated.

125.    **Attorneys' Fees and Costs and Expenses**. At least fourteen (14) days before the Opt-Out and Objection Deadlines Settlement Class Counsel will file a motion for Fee Award and Costs. Defendant agrees not to oppose Settlement Class Counsel's request for Fee Award, which shall not exceed one-third (approximately) 33.33% of the value of the Settlement which equates to Six Hundred Sixty Six Thousand Six Hundred Sixty-Six Dollars and Sixty-Six Cents ($666,666.66). Settlement Class Counsel may also request reimbursement for reasonable expenses. Any approved Fee Award and Costs shall be paid by the Settlement Administrator and in accordance with the terms of the Final Approval Order and Judgment. A Fee Award and Costs approved by the Court in an amount less than the amount sought by Settlement Class Counsel is not a basis for setting aside this Agreement, and the decision by the Court concerning the Fee Award and Costs shall not affect the validity of the Agreement or finality of the Settlement. The Fee Award and Costs will be allocated by Settlement Class Counsel. Defendant's obligations with respect to the Court-approved Fee Award and Costs shall be fully satisfied upon transmission of the funds into the Settlement Fund. Defendant shall have no responsibility for, interest in, or liability whatsoever with respect to any distribution or allocation of the Fee Award and Costs. Nor shall Defendant be responsible for any tax obligations or payments associated with the amount paid into the account established by or on behalf of Settlement Class Counsel. To the extent the Effective Date does not occur, Defendant shall have no obligation to pay any Fee Award and Costs. The amount of the Fee Award and Costs was negotiated after the primary terms of the Settlement were negotiated.

## XIII.    <u>MISCELLANEOUS</u>

126.    **Publicity.** The Parties agree that they shall not publicize this Settlement, the amount or sum of individual Settlement Class Representatives' or Settlement Class Members' shares or the events and negotiations surrounding this Agreement in any way except by joint pleadings or unopposed motions filed with the Court, if required, and as otherwise permitted within this Agreement for the purpose of effectuating the Notice program (including the Settlement Website and Publication Notice). If any Party believes a statement is made in violation of this provision, the Parties shall meet-and-confer informally in an effort to resolve the dispute. If the dispute cannot be resolved informally, it shall be submitted to the Court for resolution.

127.    **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

128.    **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties, including counsel for the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties or their successors in interest. The Parties contemplate that, subject to Court approval or without such approval where legally permissible and consistent with any orders of the Court in this proceeding, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Notice to the Settlement Class.

129.    **Resolution**. The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Action. The Parties each agree that the Settlement and this Agreement were negotiated in good faith and at arms'-length and reflects a Settlement reached voluntarily after consultation with legal counsel of their choice.

130.    **Other Litigation**. Plaintiffs and Settlement Class Counsel will not cooperate with or encourage any action or filing of claims against Defendant or any Released Parties related to any of the allegations or claims alleged in the Action.

131.    **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

132.    **Binding Effect**. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs and Defendant.

133.    **Singular and Plurals**. As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates and reasonably dictates.

134.    **Headings**. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

135.    **Construction**. For the purpose of construing or interpreting this Agreement, this Agreement is to be deemed to have been drafted equally by all Parties and shall not be construed strictly for or against any Party.

136.    **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to effectuate the Settlement described in this Agreement.

137.    **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement between the Parties, the Parties shall consult with each other and certify to the Court that they have consulted in good faith.

138.    **No Conflict Intended**. Any inconsistency between the headings used in this Agreement and the text of the Paragraphs of this Agreement shall be resolved in favor of the text.

139. **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of New Jersey, without regard to choice of law principles.

140. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically, by facsimile, or through e-mail of an Adobe PDF shall be deemed an original.

**Notices**. All notices to Settlement Class Counsel provided for herein, shall be sent by email to:

James E. Cecchi
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068

All notices to Defendant provided for herein shall be sent by email to:

Richard M. Haggerty
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333

The notice recipients and addresses designated above may be changed by written notice to the other Party.

141. **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and authorized to bind the Party on whose behalf he, she, or they sign this Agreement to all of the terms and provisions of this Agreement.

142. **No Government Third-Party Rights or Beneficiaries**. No government agency or official can claim any rights under this Agreement or Settlement.

143. **No Collateral Attack**. The Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after issuance of the Final Approval Order.

144. **Survival**. The Parties agree that the terms set forth in this Settlement Agreement shall survive the signing of the Agreement.

145. **Schedule and Deadlines**. Subject to court approval, the Parties agree to following schedule and deadlines:

| Event | Deadline |
|---|---|
| **Defendant provides the Settlement Class List to the Settlement Administrator** | Within ten (10) days of the entry of the Preliminary Approval Order |
| **Notice Deadline** | Thirty (30) days after entry of the Preliminary Approval Order |
| **Plaintiffs shall file the Motion for Final Approval** | At least fourteen (14) days before the initially scheduled Final Approval Hearing |
| **Objection Deadline** | Sixty (60) days after the Notice Deadline |
| **Opt-Out Deadline** | Sixty (60) days after the Notice Deadline |
| **Claims Deadline** | Ninety (90) days after the Notice Deadline |
| **Final Approval Hearing** | No earlier than one hundred twenty (120) days after entry of the Preliminary Approval Order |

## XIV.    SIGNATURES

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed:

***Plaintiffs***

By: _____    Date: ___07/24/26_____
William Sojka


By: _____    Date: _____
Franklin Montenegro


By: _____    Date: _____
David Jacob


By: _____    Date: _____
Jamie Keefer


By: _____    Date: _____
Sherice Dudley


By: _____    Date: _____
Sean Long


By: _____    Date: _____
Micah Ellis


By: _____    Date: _____
Seana Greene


By: _____    Date: _____
Alec Wray

## XIV.    <u>SIGNATURES</u>

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed:

*Plaintiffs*

By: _____          Date: _____
  William Sojka

By: _____          Date: 07 / 17 / 2026
  Franklin Montenegro                                  _____

By: _____          Date: _____
  David Jacob

By: _____          Date: _____
  Jamie Keefer

By: _____          Date: _____
  Sherice Dudley

By: _____          Date: _____
  Sean Long

By: _____          Date: _____
  Micah Ellis

By: _____          Date: _____
  Seana Greene

By: _____          Date: _____
  Alec Wray

Doc ID: d157e03d32c524326d72cd3d81d5da7dbcfc6824

Docusign Envelope ID: 7C6F8364-034A-8C9F-8207-714B9DAC64E2

## XIV.    SIGNATURES

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed:

*Plaintiffs*

By: _____        Date: _____
 William Sojka

By: _____        Date: _____
 Franklin Montenegro

By: *DAVID JACOB*                                           Date: ___July 21, 2026___
 David Jacob

By: _____        Date: _____
 Jamie Keefer

By: _____        Date: _____
 Sherice Dudley

By: _____        Date: _____
 Sean Long

By: _____        Date: _____
 Micah Ellis

By: _____        Date: _____
 Seana Greene

By: _____        Date: _____
 Alec Wray

## XIV.    SIGNATURES

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed:

*Plaintiffs*

By: _____     Date: _____
 William Sojka

By: _____     Date: _____
 Franklin Montenegro

By: _____     Date: _____
 David Jacob

By: _____     Date: 7/17/2026 _____
 Jamie Keefer

By: _____     Date: _____
 Sherice Dudley

By: _____     Date: _____
 Sean Long

By: _____     Date: _____
 Micah Ellis

By: _____     Date: _____
 Seana Greene

By: _____     Date: _____
 Alec Wray

## XIV.    SIGNATURES

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed:

*Plaintiffs*

By: _____          Date: _____
 William Sojka

By: _____          Date: _____
 Franklin Montenegro

By: _____          Date: _____
 David Jacob

By: _____          Date: _____
 Jamie Keefer

By: _____          Date: 17/07/2026 _____
 *Sherice Dudley (Jul 17, 2026 15:38:13 EDT)*
 Sherice Dudley

By: _____          Date: _____
 Sean Long

By: _____          Date: _____
 Micah Ellis

By: _____          Date: _____
 Seana Greene

By: _____          Date: _____
 Alec Wray

## XIV.    SIGNATURES

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed:

*Plaintiffs*

By: _____    Date: _____
William Sojka

By: _____    Date: _____
Franklin Montenegro

By: _____    Date: _____
David Jacob

By: _____    Date: _____
Jamie Keefer

By: _____    Date: _____
Sherice Dudley

By: _____    Date: 7/19/2026 _____
Sean Long

By: _____    Date: _____
Micah Ellis

By: _____    Date: _____
Seana Greene

By: _____    Date: _____
Alec Wray

## XIV.    SIGNATURES

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed:

*Plaintiffs*

By: _____        Date: _____
 William Sojka

By: _____        Date: _____
 Franklin Montenegro

By: _____        Date: _____
 David Jacob

By: _____        Date: _____
 Jamie Keefer

By: _____        Date: _____
 Sherice Dudley

By: _____        Date: _____
 Sean Long

By: _____        Date: Jul 25, 2026
 Micah Ellis (Jul 25, 2026 13:43:07 EDT)
 Micah Ellis

By: _____        Date: _____
 Seana Greene

By: _____        Date: _____
 Alec Wray

## XIV.   **SIGNATURES**

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed:

*Plaintiffs*

By: _____        Date: _____
 William Sojka

By: _____        Date: _____
 Franklin Montenegro

By: _____        Date: _____
 David Jacob

By: _____        Date: _____
 Jamie Keefer

By: _____        Date: _____
 Sherice Dudley

By: _____        Date: _____
 Sean Long

By: _____        Date: _____
 Micah Ellis

By: _____        Date: _____
 Seana Greene

By: _Alec Wray (07/27/2026 09:03:59 MDT)_        Date: 07/27/2026
 Alec Wray

By: _Paul Valencourt_  
    Paul Valencourt (Jul 17, 2026 18:34:07 EDT)  
  Paul Valencourt

Date: 07/17/2026 _____

*Counsel for Plaintiffs and the Settlement Class*

By: _____

Date: _____

 James E. Cecchi

*Defendant American Neighborhood Mortgage Acceptance Company, LLC*

By:_____

Date: _____

    Joseph Panebianco  
    Chief Executive Officer

*Counsel for Defendant American Neighborhood Mortgage Acceptance Company, LLC*

By: _____

Date: _____

    Richard M. Haggerty

By: _____          Date: _____
  Paul Valencourt

**Counsel for Plaintiffs and the Settlement Class**

By: _____          Date: _7/27/26_____
  James E. Cecchi

**Defendant American Neighborhood Mortgage Acceptance Company, LLC**

By: _____          Date: _7/20/2026_____
  Joseph Panebianco
  Chief Executive Officer

**Counsel for Defendant American Neighborhood Mortgage Acceptance Company, LLC**

By: _____          Date: _July 20, 2026_____
  Richard M. Haggerty

# EXHIBIT A

From:    Administrator@XXXX.com
To:      SettlementClassMemberName@domain.com
Re:      Legal Notice: Settlement in *In re AnnieMac Data Breach Litigation*

---

### NOTICE OF CLASS ACTION SETTLEMENT

*In re AnnieMac Data Breach Litigation*, Civil Action No. 1:24-cv-10678-RMB-MJS
United States District Court for the District of New Jersey

**Records indicate you may be eligible for benefits from a class action settlement regarding the AnnieMac Data Security Incident that occurred in August 2024.**

*A Federal court authorized this Notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

*<u>Para una notificación en español, llamar (XXX) XXX-XXXX o visitar nuestro sitio web www.[website].com.</u>*

**Name:** <<First Name>> <<Last Name>>

**Class Member ID:** <<RefNum>>

A Settlement has been reached with American Neighborhood Mortgage Acceptance Company, LLC ("AnnieMac" or "Defendant") in a class action lawsuit about a data security incident that occurred in August 2024, in which an unknown third party gained access to AnnieMac's computer system and potentially viewed or copied files containing the personally identifiable information of current and former customers (the "Data Security Incident"). The Plaintiffs allege negligence, unjust enrichment, and violations of consumer protection act statutes, among other claims. The Defendant denies all allegations and any wrongdoing.

**Am I included?** You are receiving this Notice because the Defendant's records show you may be included. The Settlement Class consists of all individuals residing in the United States whose Personal Information was compromised in the Data Security Incident affecting AnnieMac on or around August 2024, including all those who received notice of the Data Security Incident.

**What can I get?** If approved by the Court, the Defendant will pay $2,000,000 into a Settlement Fund to resolve the lawsuit. The Settlement Fund will provide Settlement benefits as well as all costs of Settlement Administration, Service Awards, and attorneys' fees and costs. Monetary benefits will include compensation of up to $5,000 per person for documented Unreimbursed Economic Losses and/or a Pro Rata Cash Payment currently estimated to be $75. Additionally, all Settlement Class Members can also submit a claim for two (2) years of Credit Monitoring Services. If you submit a valid claim for Credit Monitoring, once the Settlement receives Final Approval, you will receive an activation code via email that may be used to enroll in the Credit Monitoring Services. The Defendant has also made security enhancements to its systems and environments.

Settlement benefits will be available after the Court grants Final Approval of the Settlement and may be subject to *pro rata* (proportional) adjustment based on the number of Approved Claims.

**How do I get Settlement benefits?** You must file a Claim Form online at www.[website].com or mail a Claim Form postmarked by Month XX, 2026 to receive Settlement benefits. Claim Forms are also available on the Settlement Website or by calling (XXX) XXX-XXXX.

**What are my other options?** If you do nothing, you will not receive Settlement benefits, you will remain a Settlement Class Member, and you will give up your rights to sue the Defendant for the claims resolved by this Settlement. If you do not want Settlement benefits, but you want to keep your right to sue the Defendant for the claims resolved by this Settlement, you must exclude yourself from the Settlement Class

(called "opting out"). If you do not opt out, you may object to the Settlement and ask the Court for permission to speak at the Final Approval Hearing. The Opt-Out and Objection Deadline is **Month XX, 2026**.

**The Court's Final Approval Hearing.** The Court will hold a hearing on **Month XX, 2026** to decide whether to approve the Settlement, Administration Costs, up to $666,666.66 in attorneys' fees, plus reasonable expenses, and a $5,000 Service Award to each of the Settlement Class Representatives. You or your lawyer may attend the hearing at your own expense.

**For more information or to update your address**: Visit www.[website].com for complete details about the Settlement and instructions on how to act on your rights and options. You may also call (XXX) XXX-XXXX for more information.

# EXHIBIT B

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

United States District Court for the District of New Jersey
*In re AnnieMac Data Breach Litigation,* Civil Action No. 1:24-cv-10678-RMB-MJS

## Were you notified that your Personal Information may have been impacted by a Data Security Incident at American Neighborhood Mortgage Acceptance Company, LLC ("AnnieMac") on or around August 2024? You may be eligible for benefits from a class action settlement.

*A Federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

*Para una notificación en español, llamar (XXX) XXX-XXXX o visitar nuestro sitio web www.[website].com.*

- A Settlement has been reached with American Neighborhood Mortgage Acceptance Company, LLC ("AnnieMac" or "Defendant") in a class action lawsuit about a data security incident on or around August 2024 in which an unknown third party gained access to AnnieMac's computer system and potentially viewed or copied files containing the personally identifiable information of current and former customers (the "Data Security Incident"). The Plaintiffs allege negligence, unjust enrichment, and violations of consumer protection act statutes, among other claims. The Defendant denies all allegations and any wrongdoing.

- The Settlement Class consists of all individuals residing in the United States whose Personal Information was compromised in the Data Security Incident affecting AnnieMac on or around August 2024, including all those who received notice of the Data Security Incident.

- If approved by the Court, the Defendant will pay $2,000,000 into a Settlement Fund to resolve the lawsuit. The Settlement Fund will provide Settlement benefits as well as all costs of Settlement Administration, Service Awards, and attorneys' fees and costs. Monetary benefits will include compensation of up to $5,000 per person for documented Unreimbursed Economic Losses and/or a Pro Rata Cash Payment estimated at $75. Additionally, all Settlement Class Members can also submit a claim for two (2) years of Credit Monitoring Services. The Defendant has also made security enhancements to its systems and environments.

- Your rights are affected whether you do or do not act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive benefits from this Settlement is to submit a valid and timely Claim Form. | **Month XX, 2026** |
| **OPT OUT OF THE SETTLEMENT** | If you opt out, you will not be bound by the terms of the Settlement and you keep the right to sue the Defendant about the claims resolved by this Settlement. You will not receive any benefits from the Settlement. | **Month XX, 2026** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it and tell the Court what you do not like about it. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you can still submit a Claim Form for benefits. | **Month XX, 2026** |
| **DO NOTHING** | If you do nothing, you will not get any benefits and you give up the right to sue the Defendant about the claims resolved by this Settlement. | **No deadline** |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still must decide whether to approve the Settlement.

**Questions? Call (XXX) XXX-XXXX or visit www.[website].com.**

1

# WHAT THIS NOTICE CONTAINS

**Basic Information**                                                                                    3
1.  Why was this Notice issued?                                                                         3
2.  What is this Action about?                                                                          3
3.  What is a class action?                                                                             3
4.  Why is there a Settlement?                                                                          3

**Who is in the Settlement?**                                                                            3
5.  Who is included in the Settlement?                                                                  3
6.  Are there exceptions to being included?                                                             3

**The Settlement Benefits**                                                                              4
7.  What does the Settlement provide?                                                                   4
8.  Tell me more about the Compensation for Unreimbursed Economic Losses.                               4
9.  Tell me more about the Pro Rata Cash Payment.                                                       4
10. Tell me more about the Credit Monitoring Services.                                                  5
11. How will payments be calculated?                                                                    5
12. What claims am I releasing if I stay in the Settlement?                                             5

**How to get Settlement Benefits – Making a Claim**                                                      5
13. How do I submit a Claim Form to get Settlement Benefits?                                            5
14. When will I get Settlement Benefits?                                                                5

**The Lawyers Representing You**                                                                          6
15. Do I have a lawyer in this case?                                                                    6
16. Should I get my own lawyer?                                                                         6
17. How will the lawyers be paid?                                                                       6

**Excluding Yourself From the Settlement**                                                               6
18. How do I opt out of the Settlement?                                                                 6

**Objecting to the Settlement**                                                                          6
19. How do I tell the Court if I do not like the Settlement?                                            6
20. What is the difference between objecting and opting out?                                            7

**The Court's Final Approval Hearing**                                                                   7
21. When is the Court's Final Approval Hearing?                                                         7
22. Do I have to come to the Final Approval Hearing?                                                    8

**If You Do Nothing**                                                                                    8
23. What happens if I do nothing at all?                                                                8

**Getting More Information**                                                                             8
24. How do I get more information?                                                                      8

**Questions? Call (XXX) XXX-XXXX or visit www.[website].com.**

# BASIC INFORMATION

| **1. Why was this Notice issued?** |
|---|

A Court authorized this Notice because you have a right to know about the proposed Settlement of this class action and about all of your options before the Court decides whether to grant final approval of the Settlement. This Notice explains the Action, your legal rights, what benefits are available, and who can receive them.

The Action is called *In re AnnieMac Data Breach Litigation*, Civil Action No. 1:24-cv-10678-RMB-MJS pending in the United States District Court for the District of New Jersey. The people who filed this Action are called the "Plaintiffs" and the company they sued, American Neighborhood Mortgage Acceptance Company, LLC ("AnnieMac"), is called the "Defendant."

| **2. What is this Action about?** |
|---|

On or around August 2024, an unknown third party gained access to AnnieMac's computer system and potentially viewed or copied files containing the personally identifiable information of current and former customers ("Data Security Incident"). This Personal Information potentially impacted includes, but is not limited to, names, Social Security numbers, dates of birth, and official State or government issued driver's license or identification numbers. On or around November 14, 2024, the Defendant began notifying potentially impacted individuals about the Data Security Incident. The Plaintiffs claim AnnieMac failed to implement adequate cybersecurity measures and allege: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) unjust enrichment; (v) invasion of privacy; (vi) breach of fiduciary duty; and (vii) violations of the New Jersey Consumer Fraud Act (N.J.S.A.) §§ 56:8 *et seq*. The Defendant denies all of the Plaintiffs' claims and maintains that they did not do anything wrong.

| **3. What is a class action?** |
|---|

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals who sue are known as "Settlement Class Representatives" or Plaintiffs. Together, the people included in the class action are called a "Settlement Class" or "Settlement Class Members." One court resolves the lawsuit for all Settlement Class Members, except for those who exclude themselves (sometimes called, "opting out") from a settlement. In this Settlement, the Settlement Class Representatives are William Sojka, David Jacob, Paul ValenCourt, Jaime Keefer, Sherice Dudley, Sean Long, Micah Ellis, Seana Greene, Samuel Graves, Franklin Montenegro, and Alec Wray.

| **4. Why is there a Settlement?** |
|---|

The Court has not decided in favor of the Plaintiffs or Defendant. The Defendant denies all claims and contends that it has not violated any laws. The Plaintiffs and Defendant agreed to a Settlement to avoid the costs and risks of a trial, and through the Settlement, Settlement Class Members are eligible to claim benefits. The Plaintiffs and their attorneys, who also represent Settlement Class Members as "Settlement Class Counsel," believe the Settlement is in the best interests of all Settlement Class Members.

# WHO IS IN THE SETTLEMENT?

| **5. Who is included in the Settlement?** |
|---|

The Settlement Class consists of all individuals residing in the United States whose Personal Information was compromised in the Data Security Incident affecting AnnieMac on or around August 2024, including all those who received notice of the Data Security Incident.

| **6. Are there exceptions to being included?** |
|---|

Yes. Excluded from the Settlement Class are (i) Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Defendant has a controlling interest, any Defendant officer or director, and any successor or assign; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and immediate family; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or

**Questions? Call (XXX) XXX-XXXX or visit www.[website].com.**

3

abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

# THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

If approved by the Court, the Defendant will pay $2,000,000 to provide benefits to Settlement Class Members as well as all costs of Settlement Administration, Service Awards, and attorneys' fees and costs. The Settlement includes the following benefits:

- **Compensation for Unreimbursed Economic Losses**: A cash payment of up to $5,000 per person for Out-of-Pocket Losses that are actually incurred as a result of or are fairly traceable to the Data Security Incident and have not already been reimbursed by a third party (documentation is required); and/or

- **Pro Rata Cash Payment**: A *pro rata* (proportional) cash payment currently estimated to be $75 (no documentation is required);

- **Credit Monitoring**: Two (2) years of single bureau Credit Monitoring with $1,000,000 in identity theft protection insurance; and

- **Security Enhancements**: Information security enhancements to secure systems and environments since the Data Security Incident.

Settlement benefits may be subject to *pro rata* (proportional) adjustment based on the number of Approved Claims (see Question 11).

### 8. Tell me more about the Compensation for Unreimbursed Economic Losses.

All Settlement Class Members may submit a claim for up to $5,000 per person for Unreimbursed Economic Losses that are actually incurred as a result of or that are fairly traceable to the Data Security Incident with supporting documentation.

Examples of eligible Unreimbursed Economic Losses include, but are not limited to, the following:

- Losses associated with fraud or identity theft;

- Professional fees including attorneys' fees, accountant fees, and fees for credit repair services;

- Costs associated with freezing or unfreezing credit with any credit reporting agency;

- Credit monitoring costs that were incurred on or after November 14, 2024, through the date you submit your Claim; and

- Miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Supporting documentation means third-party documentation that supports the losses. Valid third-party documentation includes, without limitation, receipts, bank statements, or other official documentation that was not "self-prepared" by the Settlement Class Member. You may submit "self-prepared" documents (*e.g.*, handwritten receipts or notes) to provide clarity, but such documents are insufficient by themselves to qualify for compensation.

You must submit a Claim Form with sufficient supporting documentation to receive Compensation for Unreimbursed Economic Losses. If you submit a claim for Unreimbursed Economic Losses but fail to provide sufficient third-party documentation and then fail to cure the deficiencies, you will automatically receive the Pro Rata Cash Payment.

### 9. Tell me more about the Pro Rata Cash Payment.

Additionally, Settlement Class Members may submit a claim for a *pro rata* (proportional) cash payment which is estimated to be $75. The value of the Pro Rata Cash Payment will depend on the number of

**Questions? Call (XXX) XXX-XXXX or visit www.[website].com.**

4

Approved Claims filed. You must submit a Claim Form to receive a Pro Rata Cash Payment, but no documentation is required to make a claim for this Settlement Payment.

**10. Tell me more about the Credit Monitoring Services.**

In addition to the monetary benefits above, all Settlement Class Members may file a claim for two (2) years of single bureau Credit Monitoring Services which will include $1 million in identity theft protection insurance. If you submit a valid claim for Credit Monitoring, once the Settlement receives Final Approval, you will receive an activation code by email that may be used to enroll in the Credit Monitoring Services.

**11. How will benefit amounts be calculated?**

After all costs of Settlement Administration, Service Awards, and attorneys' fees and costs have been deducted, the remaining balance of the Settlement Fund (the "Net Settlement Fund") will be used to pay for Settlement benefits in the following order: Approved Claims for Unreimbursed Economic Losses, Approved Claims for Credit Monitoring, and, lastly, Approved Claims for Pro Rata Cash Payments.

If at any point, the amount of Approved Claims exceeds the remaining balance of the Net Settlement Fund for the category of benefit being calculated, the Settlement Payment amount or benefit duration will be reduced *pro rata* (proportionally) and/or not distributed as described in the Settlement Agreement available at www.[website].com. The Pro Rata Cash Payment amount will be determined after all other Settlement costs, expenses, awards, and benefits have been calculated. Settlement Class Members who submit a valid claim selecting this benefit will receive an equal share of the remaining balance (if any) with the aim of exhausting the Net Settlement Fund.

**12. What claims am I releasing if I stay in the Settlement?**

Unless you opt out of the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendant about any of the legal claims this Settlement resolves. The Releases section in the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The Settlement Agreement can be found at www.[website].com.

## HOW TO GET SETTLEMENT BENEFITS – MAKING A CLAIM

**13. How do I submit a Claim Form to get Settlement Benefits?**

You must submit a Claim Form, with any necessary supporting documentation, to receive Settlement Benefits. Claim Forms may be submitted online at www.[website].com, or mailed postmarked by **Month XX, 2026** to the Settlement Administrator at:

*In re AnnieMac Data Breach Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXXXX
New York, NY 10150-XXXX

**14. When will I get Settlement Benefits?**

The short answer is – after the Settlement is "finally approved" and any challenges to that approval are finally resolved. The Court is scheduled to hold a Final Approval Hearing on **Month XX, 2026**, to decide whether to approve the Settlement, the request for attorneys' fees and costs, and the Service Awards for the Settlement Class Representatives who brought this Action on behalf of the Settlement Class.

If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement benefits will be distributed as soon as possible, if and when the Court grants Final Approval of the Settlement and after any appeals are resolved.

## THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

**Questions? Call (XXX) XXX-XXXX or visit www.[website].com.**

Yes, the Court appointed James E. Cecchi of Carella, Byrne, Cecchi, Brody & Agnello, P.C. Gary Klinger of Milberg PLLC, and Raina Borrelli of Strauss Borelli PLLC to represent you and other members of the Settlement Class as Settlement Class Counsel. You will not be charged directly for these lawyers; instead, they will receive compensation from the Settlement Fund (subject to Court approval).

### 16. Should I get my own lawyer?

It is not necessary for you to hire your own lawyer because Settlement Class Counsel works for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

Settlement Class Counsel will ask the Court to approve attorneys' fees up to one-third of the Settlement Fund ($666,666.66), plus reimbursement of reasonable expenses, as well as a $5,000 Service Award to each of the Settlement Class Representatives. If approved, these amounts will be paid from the Settlement Fund before making payments to Settlement Class Members who submit valid claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 18. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your right to separately sue the Defendant about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the Settlement Class.

To exclude yourself from the Settlement, you must submit a written Request for Exclusion to the Settlement Administrator that includes the following information:

- A statement indicating your intent to request exclusion "Request for Exclusion: I wish to opt out of the Settlement in *In re AnnieMac Data Breach Litigation,* Civil Action No. 1:24-cv-10678-RMB-MJS";

- Your full name and current address; and

- Your signature.

Your Request for Exclusion must be mailed to the Settlement Administrator at the address below, postmarked no later than **Month XX, 2026**.

*In re AnnieMac Data Breach Litigation*
c/o Kroll Settlement Administration LLC
ATTN: Requests for Exclusion
P.O. Box XXXXXX
New York, NY 10150-XXXX

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You may only exclude yourself – not any other person. If you do not exclude yourself from the Settlement as described above, you will lose the opportunity to opt out and will be bound by the Settlement.

## OBJECTING TO THE SETTLEMENT

### 19. How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member, you can choose (but are not required) to object to the Settlement if you do not like it or a portion of it, whether that be to the Settlement Class Member Benefits, request for the attorneys' fees and costs, Service Awards, Release provided to the Defendant, or some other aspect of the Settlement. Through an objection, you give reasons why you think the Court should not approve the Settlement.

To be considered by the Court, your objection must include:

**Questions? Call (XXX) XXX-XXXX or visit www.[website].com.**

- The case name and number, *In re AnnieMac Data Breach Litigation,* Civil Action No. 1:24-cv-10678-RMB-MJS;

- Your full name and current mailing address;

- A statement that states with specificity the grounds for the objection, as well as any documents supporting the objection, and whether your objection is to the Settlement in part or in whole, and if in part, which part;

- The identity of any attorneys representing the objector, if any;

- A statement regarding whether you (or your attorney) intend to appear at the Final Approval Hearing;

- Information that identifies you as a Settlement Class Member, including proof that you are within the Settlement Class (*e.g.*, copy of the Notice or copy of original notice of the Data Security Incident); and

- Your signature or that of your attorney.

Objections must be filed with the Court no later than **Month XX, 2026**.

Clerk of the Court
U.S. District Court for the District of New Jersey
Street Address
City, NJ Zip Code

A copy of your objection also must be sent to Class Counsel, Defendant's Counsel, and the Settlement Administrator at the addresses below, postmarked no later than **Month XX, 2026**.

| CLASS COUNSEL | DEFENDANT'S COUNSEL | SETTLEMENT ADMINISTRATOR |
|---|---|---|
| James E. Cecchi CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C. 5 Becker Farm Road Roseland, New Jersey 07068 | Richard M. Haggerty MULLEN COUGHLIN LLC 426 W. Lancaster Avenue, Suite 200 Devon, PA 19333 | *In re AnnieMac Data Breach Litigation* c/o Kroll Settlement Administration LLC ATTN: Objections P.O. Box XXXXXX New York, NY 10150-XXXX |

### 20. What is the difference between objecting and opting out?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from it. Excluding yourself from the Settlement means telling the Court you do not want to be part of the Settlement. If you exclude yourself or opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# THE COURT'S FINAL APPROVAL HEARING

### 21. When is the Court's Final Approval Hearing?

The Court is scheduled to hold a Final Approval Hearing on **Month XX, 2026 at XX:X0 a.m./p.m. ET** at [Courthouse name and address] to decide whether to approve the Settlement, Class Counsel's request for $666,666.66 for attorneys' fees and costs, plus reimbursement of reasonable expenses, and a $5,000 Service Award to each of the Settlement Class Representatives. The date and time of this hearing may change without further notice. Please check www.[website].com for updates.

### 22. Do I have to come to the Final Approval Hearing?

**Questions? Call (XXX) XXX-XXXX or visit www.[website].com.**

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense. If you file an objection, you may, but you do not have to, come to the Final Approval Hearing to talk about it. If you file your written objection on time and in accordance with the requirements above, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## IF YOU DO NOTHING

**23. What happens if I do nothing at all?**

If you are a Settlement Class Member and you do nothing, you will give up your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendant and the Released Parties, as defined in the Settlement Agreement, about the legal issues resolved by this Settlement. In addition, you will be bound by the Release in the Settlement and will not be eligible to receive any Settlement benefits.

## GETTING MORE INFORMATION

**24. How do I get more information?**

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website, www.[website].com.

If you have additional questions or need to update your address, you may contact the Settlement Administrator by telephone at (XXX) XXX-XXXX, or by mail at:

*In re AnnieMac Data Breach Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

**Questions? Call (XXX) XXX-XXXX or visit www.[website].com.**

# EXHIBIT C

*In re AnnieMac Data Breach Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

NOTICE OF CLASS ACTION
SETTLEMENT

**Records indicate you may be eligible for benefits from a class action settlement regarding the AnnieMac Data Incident that occurred on or around August 2024.**

www.[website].com

*Para una notificación en español, llamar (XXX) XXX-XXXX o visitar nuestro sitio web www.[website].com.*

Class Member ID: <<Refnum>>

**Postal Service: Please do not mark or cover**

<<FirstName>> <<LastName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>
<<Country>>

settlement with American Neighborhood Mortgage Acceptance Company ("AnnieMac" or "Defendant") in the class action lawsuit *In re AnnieMac Data Breach Litigation*, Civil Action No. 1:24-cv-10678-RMB-MJS, about a data security incident that occurred in August 2024, in which an unknown third party gained access to AnnieMac's computer system and potentially viewed or copied files containing the personally identifiable information of current and former customers (the "Data Security Incident"). The Plaintiffs allege negligence, unjust enrichment, and violations of consumer protection act statutes, among other claims. The Defendant denies all allegations and any wrongdoing.

**Am I included?** You are receiving this Notice because the Defendant's records show you may be included. The Settlement Class consists of all individuals residing in the United States whose Personal Information was compromised in the Data Security Incident affecting AnnieMac on or around August 2024, including all those who received notice of the Data Security Incident.

**What can I get?** If approved by the Court, the Defendant will pay $2,000,000 into a Settlement Fund to resolve the lawsuit. The Settlement Fund will provide Settlement benefits as well as all costs of Settlement Administration, Service Awards, and attorneys' fees and costs. Monetary benefits will include compensation of up to $5,000 per person for documented Unreimbursed Economic Losses and/or a Pro Rata Cash Payment currently estimated to be $75. Additionally, all Settlement Class Members can also submit a claim for two (2) years of Credit Monitoring Services. If you submit a valid claim for Credit Monitoring, once the Settlement receives Final Approval, you will receive an activation code that may be used to enroll in the Credit Monitoring Services. The Defendant has also made security enhancements to its systems and environments. Settlement benefits will be available after the Court grants Final Approval of the Settlement and may be subject to *pro rata* (proportional) adjustment based on the number of Approved Claims.

**How do I get Settlement benefits?** You must file a Claim Form online at www.[website].com or mail the attached Claim Form postmarked by Month XX, 2026 to receive Settlement benefits. Claim Forms are also available on the Settlement Website or by calling (XXX) XXX-XXXX.

**What are my other options?** If you do nothing, you will not receive Settlement benefits, you will remain a Settlement Class Member, and you will give up your rights to sue the Defendant for the claims resolved by this Settlement. If you do not want Settlement benefits, but you want to keep your right to sue the Defendant for the claims resolved by this Settlement, you must exclude yourself from the Settlement Class (called "opting out"). If you do not opt out, you may object to the Settlement and ask the Court for permission to speak at the Final Approval Hearing. The Opt-Out and Objection Deadline is Month XX, 2026.

**The Court's Final Approval Hearing.** The Court will hold a hearing on Month XX, 2026 to decide whether to approve the Settlement, Administration Costs, up to $666,666.66 in attorneys' fees, plus reasonable expenses, and a $5,000 Service Award to each of the Settlement Class Representatives. You or your lawyer may attend the hearing at your own expense.

**For more information or to update your address:** Visit www.[website].com for complete details about the Settlement and instructions on how to act on your rights and options. You may also call (XXX) XXX-XXXX for more information.

BRM
Postage

_____

_____

_____

*In re AnnieMac Data Breach Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXXXX
New York, NY 10150-XXXX

<<Barcode>>
Class Member ID: <<Refnum>>

QR code to be added here

**VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE**

### POSTCARD CLAIM FORM

Claim Forms must be postmarked or submitted online no later than **Month XX, 2026**. To receive your Pro Rata Cash Payment electronically or to file a Claim for **Compensation for Unreimbursed Economic Losses**, you MUST submit a Claim Form online or use the full Claim Form available on the Settlement Website and provide supporting documentation for your claim.

Class Member ID: <<refnum>>
<<firstname>> <<mi>> <<lastname>>
<<address1>> <<address2>> <<City>>,
<<State>> <<Zip>>

| If different from the preprinted data on the left, please print your correct address information. |
|---|
| Address |
| City                          State              Zip Code |

Check the box next to the benefit(s) you are claiming:

You may claim one or both of the following benefits by tearing off this Claim Form and mailing it to the Settlement Administrator.

☐ **Credit Monitoring Services**: I want to receive two (2) years of single bureau Credit Monitoring Services with $1,000,000 in identity theft protection insurance. Once the Settlement receives Final Approval, you will receive am activation code that may be used to enroll in the Credit Monitoring Services.

☐ **Pro Rata Cash Payment**: I want to receive a *pro rata* (proportional) cash payment estimated at $75.*
   *Payment amount to be determined after all costs, fees, and awards have been deducted and all valid claims submitted.

By signing below, I swear and affirm under the laws of the United States and under penalty of perjury that the information supplied in this Claim Form is true and correct to the best of my knowledge or recollection:

| **Signature:** | **Date (MM/DD/YYYY):** |
|---|---|
| | |

# EXHIBIT D

**\*000000000000\***

0 0 0 0 0 0 0 0 0 0 0 0

<table>
<tr>
<td>

**Your claim must be submitted online or postmarked by: Month XX, 2026**

</td>
<td>

**CLAIM FORM**

*In re AnnieMac Data Breach Litigation*
Civil Action No. 1:24-cv-10678-RMB-MJS
United States District Court for the District of New Jersey

</td>
<td></td>
</tr>
</table>

**GENERAL INSTRUCTIONS**

If you live in the United States and your Personal Information was potentially compromised in the Data Security Incident affecting AnnieMac on or around August 2024 and/or you were sent a notice of the Data Security Incident, you may submit a claim for Settlement benefits as outlined below using this Claim Form. Please refer to the Long-Form Notice posted on the Settlement Website **www.[website].com** for more information.

**To receive Credit Monitoring, Compensation for Unreimbursed Economic Losses, and/or a Pro Rata Cash Payment, you must submit a Claim Form by Month XX, 2026.**

Claims may be submitted online at **www.[website].com** or by mail at the address below. Please type or legibly print all requested information in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. Mail, postmarked by the deadline above, to:

*In re AnnieMac Data Breach Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

- Note: The easiest way to file a Claim and provide electronic payment information is through the Settlement Website. Please visit www.[website].com and timely file your Claim Form online. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

**Settlement Benefits**

You may submit a claim to receive one or both of the following monetary benefits: Compensation for documented Unreimbursed Economic Losses and/or a Pro Rata Cash Payment, as well as Credit Monitoring.

**Check the box(es) below to select the appropriate payment option(s):**

☐ **Compensation for Unreimbursed Economic Losses**: A cash payment of up to $5,000 for documented Unreimbursed Economic Losses that that a Settlement Class Member actually incurred as a result of or that are fairly traceable to the Data Security Incident. Documentation must be provided. See Section III of this Claim Form for more information.

AND/OR

☐ **Pro Rata Cash Payment**: A *pro rata* (proportional) cash payment currently estimated to be $75.* No documentation is required.

*Payment amount to be determined after all costs, fees, and awards have been deducted and all valid claims submitted.

**Check the box below if you would also like to receive Credit Monitoring Services:**

☐ **Credit Monitoring Services**: Two (2) years of single bureau Credit Monitoring Services with $1,000,000 identity theft insurance. If you submit a valid claim for Credit Monitoring, once the Settlement receives Final Approval, you will be sent an activation code via email at the email address you enter above that may be used to enroll in the Credit Monitoring Services. **You must provide an email address to receive your Enrollment Code.**

Settlement benefits will be available after the Court grants Final Approval of the Settlement and may be subject to *pro rata* (proportional) adjustment based on the number of Approved Claims.

## I. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____          _____
**First Name**                                    **Last Name**

_____
**Address 1**

_____
**Address 2**

_____  ___  ___   ___  ___  ___  ___  ___
**City**                                           **State**        **Zip Code**

**Telephone Number: ( _____  _____  _____ )  _____  _____  _____ - _____  _____  _____  _____**

**Email Address: _____**

**Class Member ID (if known):** <mark>00000</mark> ___ ___ ___ ___ ___ ___ ___ ___

## II. PAYMENT SELECTION

Payment for the monetary benefits will be made by electronic payment or check. Please check one of the boxes below to select a payment method.

☐ Zelle      ☐ Venmo      ☐ PayPal      ☐ ACH      ☐ Check

## III. COMPENSATION FOR UNREIMBURSED ECONOMIC LOSSES

All Settlement Class Members may submit a claim for up to $5,000 per person for Unreimbursed Economic Losses that are incurred as a result of or that are fairly traceable to the Data Security Incident with supporting documentation. Examples of eligible Unreimbursed Economic Losses include, but are not limited to, the following: (i) losses associated with fraud or identity theft; (ii) professional fees including attorneys' fees, accountant fees, and fees for credit repair services; (iii) costs associated with freezing or

unfreezing credit with any credit reporting agency; (iv) credit monitoring costs that were incurred on or after November 14, 2024, through the date you submit your Claim; and (v) miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Supporting documentation means third-party documentation that supports the losses. Valid third-party documentation includes, without limitation, receipts, bank statements, or other official documentation that was not "self-prepared" by the Settlement Class Member. You may submit "self-prepared" documents (*e.g.*, handwritten receipts or notes) to provide clarity, but such documents are insufficient by themselves to qualify for compensation.

You must submit a Claim Form with sufficient supporting documentation to receive Compensation for Unreimbursed Economic Losses. If you submit a claim for Unreimbursed Economic Losses but fail to provide sufficient third-party documentation and then fail to cure the deficiencies, you will automatically receive the Pro Rata Cash Payment.

Please confirm that you have attached documentation for your claim by checking the box below.

☐   I have attached documentation showing that the losses and expenses listed below were related to the Data Incident.

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Credit Monitoring Service | 11/17/25 (mm/dd/yy) | $50.00 | Copy of credit monitoring service bill |
| | __ __/__ __/__ __ (mm/dd/yy) | $_____.____ | |
| | __ __/__ __/__ __ (mm/dd/yy) | $_____.____ | |
| | __ __/__ __/__ __ (mm/dd/yy) | $_____.____ | |

## IV. ATTESTATION & SIGNATURE

I swear and affirm under the laws of the United States that the information supplied in this Claim Form and any documents submitted with this Claim Form are true and correct to the best of my knowledge or recollection.

_____   ____ ____/____ ____/____ ____ ____ ____
Signature                                                                          Date (mm/dd/yyyy)


_____
Print Name

**Reminder**: If your address changes or you need to make a future correction/update to the address you provide on this Claim Form, please use the "Contact Us" form on the Settlement Website to provide your updated address information. Make sure to include your Class Member ID and your telephone number in case we need to contact you in order to complete your request.

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re: AnnieMac Data Breach Litigation* | Master File No. 1:24-cv-10678 |
| | Judge Renée Marie Bumb |

**[PROPOSED] ORDER GRANTING PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Plaintiffs, individually and on behalf of the proposed Class, and Defendant have entered into a Settlement Agreement and Release, dated July 27, 2026 ("Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2.      The Court has jurisdiction over this litigation, Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

**PRELIMINARY APPROVAL**

3.      The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel and the Settlement Administrator. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations, through which the basic terms of the Settlement were negotiated and finalized. The Court further

observes that the Settlement Agreement is the product of an informal exchange of information between the Parties before mediation. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Class and fall within the range of possible approval as fair, reasonable, and adequate.

4.      The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## PRELIMINARY CLASS CERTIFICATION

5.      Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Class defined in the Settlement Agreement as follows:

> All individuals residing in the United States whose Personal Information was compromised in the Data Security Incident affecting AnnieMac on or around August 2024, including all those who received notice of the Data Security Incident.

Excluded from the Settlement Class are (i) Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Defendant has a controlling interest, any Defendant officer or director, and any successor or assign; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and immediate family; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

6.       The Court preliminarily finds that the Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Class is comprised of many thousands of individuals; there are questions of law or fact common to the Class; the Class Representatives' claims are typical of those of Settlement Class Members; and the Class Representatives will fairly and adequately protect the interests of the Class.

2

7.    The Court preliminarily finds that the Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only:  the questions of law or fact common to the Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8.    The Court hereby appoints William Sojka, David Jacob, Paul ValenCourt, Jaime Keefer, Sherice Dudley, Sean Long, Micah Ellis, Seana Greene, Franklin Montenegro, and Alec Wray as the Class Representatives for the Class. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Class and that he will be an adequate Class Representatives.

9.    The Court finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for the Settlement: James E. Cecchi of Carella, Byrne, Cecchi, Brody & Agnello, P.C.

## NOTICE AND ADMINISTRATION

10.    Pursuant to the Settlement Agreement, the Parties have designated Kroll Settlement Administration, LLC ("Kroll") as the Settlement Administrator. Kroll shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

11.    The Court finds that the Class Notice and proposed Notice program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Class and the processes for doing so, and the Final Approval Hearing. The Court therefore approves the Class

3

Notice and Notice program and directs the Parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12.     The Settlement Administrator shall commence the Notice program within the time required by the Settlement Agreement.

13.     The Court also approves the versions of the Claim Form and Short Form Notice.

**<u>EXCLUSION AND OBJECTIONS</u>**

14.     Settlement Class Members who wish to opt out and exclude themselves from the Class may do so by notifying the Settlement Administrator in writing, postmarked no later than _____ (90 days after entry of this Order).  The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement in the communication. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

15.     All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16.     Settlement Class Members who wish to object to the Settlement may do so by submitting a written Objection to the Court in accordance with the procedures outlined in the Class Notice by _____ (90 days after entry of this Order), it must be in writing, postmarked by the Objection Deadline, filed with/or mailed to the Court the Settlement Administrator, Settlement Class Counsel, and Defendant's Counsel and must include (i) the name

4

of the Action; (ii) the Settlement Class Member's full name and current mailing address; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection, and whether your objection is to the Settlement in part or in whole, and if in part, which part; (iv) the identity of any attorneys representing the objector, if any; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) information identifying the objector as a Settlement Class Member, including proof that the objector is within the Settlement Class (*e.g.*, copy of the Notice or copy of original notice of the Data Security Incident); and (vii) the signature of the Settlement Class Member or their attorney.

17.     Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

## FINAL APPROVAL HEARING

18.     The Court will hold a Final Approval Hearing on _____ at _____ in United States District Court, District of New Jersey, 4th & Cooper Streets, Camden, NJ 08101.

19.     At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of the Class Representatives should be made final; (e) Class Counsel's motion for attorneys' fees and Litigation Expenses should be granted; (f) the Service Awards sought for Class Representatives should be granted; and (g) a final judgment should be entered.

20.    The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

21.    All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

22.    All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

**23.**    In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall be (i) admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED**.


Dated: _____          _____
                                    HON. RENÉE MARIE BUMB, U.S.D.J.

**SETTLLEMENT TIMELINE**

| | |
|---|---|
| **Grant of Preliminary Approval** | |
| Settlement Administrator provides W-9 to AnnieMac | 5 days after Preliminary Approval Order |
| AnnieMac provides list of Settlement Class Members to the Settlement Administrator | 10 days after Preliminary Approval |
| AnnieMac to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 30 days of entry of the Preliminary Approval Order |
| Notice Date | 30 days after Preliminary Approval Order |
| Reminder Notice | 30 days before the Claims Deadline |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representatives Service Awards | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 60 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to Counsel for the Parties | 7 days after the Opt-Out and Objection Deadline |
| **Final Approval Hearing** | 120 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provides Court Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |
| **Final Approval** | |
| Payment of Attorneys' Fees and Expenses Class Representative Service Award | 30 days after Effective Date |
| Settlement Website Deactivation | 90 days after Effective Date |

8

# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| *In re: AnnieMac Data Breach Litigation* | Master File No. 1:24-cv-10678<br><br>Judge Renée Marie Bumb |

**[PROPOSED] ORDER GRANTING**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement. The Court has reviewed the Motion, the supporting facts and authorities, and the Class Action Settlement Agreement entered by Plaintiffs William Sojka, David Jacob, Paul ValenCourt, Jaime Keefer, Sherice Dudley, Sean Long, Micah Ellis, Seana Greene, Franklin Montenegro, and Alec Wray and American Neighborhood Mortgage Acceptance Company, LLC ("AnnieMac" or "Defendant"), and it finds that the Motion should be **GRANTED**. Therefore:

1.      The Court, for the purposes of this Final Judgment, adopts the defined terms as described in the Settlement Agreement for any term not otherwise defined herein.

2.      The Court certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23.

3.      The Court finds that the Settlement Agreement—which provides for a non-reversionary Settlement Fund of $2,000,000.00 to resolve the claims of the Plaintiffs and the Settlement Class—is fair, reasonable, adequate, and was entered into in good faith and without collusion. The Court approves and directs consummation of the Settlement Agreement.

4.      The Court approves the Release provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

1

5.      The Court reserves jurisdiction over this action and the Settlement Agreement.

6.      The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

7.      The Court dismisses this action with prejudice against Defendant, without costs and fees except as explicitly provided for in the Agreement.

8.      The Court previously entered an Order Granting Preliminarily Approval of Class Action Settlement and Notice Plan ("Preliminary Approval Order") that preliminarily approved the Agreement and established a hearing date to consider the final approval of the Agreement.

9.      The Court's Preliminary Approval Order approved the proposed notices and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. A declaration confirming that the Notices have been mailed, published, and distributed pursuant to the Notice Plan and the Preliminary Approval Order has been filed with the Court. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Agreement.

10.     The Court finds AnnieMac has complied with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

11.     The Court finds that the Class Representatives are similarly situated to absent Settlement Class Members and are typical of the Settlement Class and are adequate Class Representatives, and that Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class. The Court grants final approval to its appointment of Class Counsel and Class Representatives as provided in the Preliminary Approval Order, appointing the following as Settlement Class Counsel: James E. Cecchi of Carella, Byrne, Cecchi, Brody &

2

Agnello, P.C. The Court also appoints William Sojka, David Jacob, Paul ValenCourt, Jaime Keefer, Sherice Dudley, Sean Long, Micah Ellis, Seana Greene, Franklin Montenegro, and Alec Wray as Class Representatives.

12.     The Court certifies the following Settlement Class under Fed. R. Civ. P. 23(a) and 23(b)(3):

> All individuals residing in the United States whose Personal Information was compromised in the Data Security Incident affecting AnnieMac on or around August 2024, including all those who received notice of the Data Security Incident.

Excluded from the Settlement Class are (i) Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Defendant has a controlling interest, any Defendant officer or director, and any successor or assign; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and immediate family; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

13.     The Court finds that the Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes insofar as: (a) the Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representative has no interests antagonistic to or conflicting with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members

3

predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other available methods for a fair and efficient resolution of this controversy.

14. Having considered the negotiation of, the terms of, and all the materials submitted concerning the Agreement; having considered Plaintiffs' and Settlement Class Members' likelihood of success both in maintaining this action as a class action and prevailing on the claims in a data-breach trial, including the possibility that AnnieMac could prevail on one or more of its defenses; having considered the range of the Plaintiffs' possible recovery—and that of the Settlement Class—and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

    a. Plaintiffs and Class Counsel have adequately represented the Settlement Class;

    b. the terms of the Agreement were negotiated at arm's-length, vigorously advocated by experienced counsel for Plaintiffs and AnnieMac as well as experienced data breach mediator Judge Diane Welsh (ret.) from JAMS;

    c. the outcome of the Litigation is in doubt;

    d. it is possible that the Settlement Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Settlement Class could receive less—including the possibility of receiving nothing—and/or that AnnieMac could defeat certification;

    e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f.      the Parties have, in good faith, determined the Agreement is in their respective best interests, including Plaintiffs and Class Counsel determining that it is in the best interest of the Settlement Class Members;

g.      the aggregate consideration for the Settlement Class—including both the Settlement Fund, which AnnieMac shall fund, and other forms of relief AnnieMac agreed to—is commensurate with the claims asserted and that will be released as part of the Settlement, and

h.      the terms of the Settlement Agreement treat the Settlement Class Members equitably relative to one another and fall well within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution to this Litigation. Accordingly, pursuant to Rule 23(e), the terms of the Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members.

15.     Pursuant to the Settlement Agreement, the Settlement Fund shall be first used to pay settlement administration expenses; Class Counsel attorneys' fees totaling $666,666.66; Class Counsel's reasonable costs of _____ ; and a service awards to the Class Representatives in the amount of $5,000.00 each. The Settlement Fund shall then be used to pay Settlement Class Members' valid claims for credit monitoring, unreimbursed monetary losses and, finally, the *pro rata* cash payment.

16.     Plaintiffs and Settlement Class Members fully, finally, and forever release, relinquish, and discharge all Released Claims as against all Released Parties. Further, upon the Effective Date in the Settlement Agreement, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively,

5

as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims (as defined in the Settlement Agreement) is asserted. Any other claims or defenses Plaintiffs and each and all of the Settlement Class Members may have against Defendant that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Data Security Incident, the Litigation, or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

17.     ____ potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement. Pursuant to the Settlement Agreement, he/she is hereby excluded from the Settlement Class and is not bound by this Final Order.


**IT IS SO ORDERED**.


Dated: _____        _____
                                                HON. RENÉE MARIE BUMB, U.S.D.J.

6